IMHOF et ux, *Appellants,*
*v.*
TILLAMOOK COUNTY et al, *Respondents.*
(No. 15-988, CA 7179)

LEUTHOLD et al, *Appellants,*
*v.*
TILLAMOOK COUNTY et al, *Respondents.*
(No. 16-088, CA 7181)

BAUMGARTNER et ux, *Appellants,*
*v.*
TILLAMOOK COUNTY et al, *Respondents.*
(No. 16-726, CA 7180)
567 P2d 1054

Raymond R. Bagley, Jr., Oregon City, argued the cause for appellants. With him on the brief was Jack, Goodwin & Urbigkeit, Oregon City.

Edward H. Warren, Portland, argued the cause for respondent Tillamook County, a public subdivision of the State of Oregon (Case No. 15-988 and Case No. 16-726). With him on the brief was Hershiser, Mitchell & Warren, Portland. No appearance for Port of Tillamook Bay.

Warren McMinimee, Tillamook, argued the cause for respondent Tillamook County, a public subdivision of the State of Oregon (Case No. 16-088), and respondent Port of Tillamook Bay, a municipal corporation. On the brief was Douglas E. Kaufman, and McMinimee & Kaufman, Tillamook.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The plaintiffs in the captioned cases appeal from orders of the trial court dismissing those cases without prejudice for want of prosecution alleging abuse of discretion on the part of the trial court.[1] We do not find such abuse and therefore affirm.

*Imhof v. Tillamook County,* Case No. 15-988, was commenced March 20, 1972. The theory of plaintiffs' case is that defendants failed to properly maintain a railroad trestle located upon the Imhofs' real property and a railroad bridge across the Trask River. As a result, a dam of debris formed against the trestle and bridge, causing floodwaters to overflow upon the Imhofs' real property and resulting in damages of $46,000. For a period of approximately two years, the parties filed numerous motions and amended pleadings and, in December of 1974, that case was ready for trial. For a period of approximately one and one-half years, no action was taken in the case and on August 27, 1976, the Port of Tillamook Bay filed its motion to dismiss for want of prosecution. That motion was joined in by the other defendants and, on October 7, 1976, an order entered dismissing the Imhof case for want of prosecution.

*Leuthold v. Tillamook County,* Case No. 16-088, was commenced on June 27, 1972. That case was an action in ejectment to obtain possession of plaintiffs' real property. The matter was at issue on March 27, 1973 and, thereafter, plaintiffs sought a change of venue. Under an order entered August 7, 1973, the venue of the *Leuthold* case was transferred to Clatsop County, Oregon. For a period of approximately three years, no action was taken in that case and on August 27, 1976, the Port of Tillamook Bay filed its motion to dismiss

---

[1] We express no opinion as to whether or not plaintiffs are barred by the passage of time or otherwise from filing again. However, we note that in the course of arguing against the motions to dismiss Mr. Winslow of counsel for plaintiffs stated to the court:

"In short, if you dismiss the cases today, we could file new cases tomorrow and proceed from there."

for want of prosecution. That motion, likewise, was joined in by the remaining defendants and the matter dismissed under an order entered October 7, 1976.

*Baumgartner v. Tillamook County,* Case No. 16-726, was commenced on January 9, 1974. It, like the *Imhof* case, was an action for damages resulting from the flooding of plaintiffs' real property. The only appearances made on behalf of the defendants were motions to strike filed in January of 1974. Thereafter, pursuant to ORS 18.260, a notice of dismissal was issued by the Clerk of Tillamook County, Oregon, on October 24, 1975. On November 3, 1975, an order was entered which noted that the notice of dismissal had been sent in error and that the proceedings in the *Baumgartner* case were held in abeyance with the consent of the court. The order of November 3, 1975 further provided that the matter be continued until further order of the court. On August 27, 1976, the Port of Tillamook Bay filed its motion to dismiss for want of prosecution. That motion was joined in by the remaining defendants and on October 7, 1976, an order entered granting that relief.

During the pendency of these proceedings, a fourth action, *Imhof v. Tillamook County,* Case No. 16-226, a declaratory judgment proceeding seeking to determine the parties' respective rights in the railroad right-of-way across the Imhofs' real property was tried and findings of fact and conclusions of law entered on February 24, 1976. Thereafter an order was entered on April 16, 1976, granting judgment in favor of defendants herein, Tillamook County and the Port of Tillamook Bay. During the pendency of that proceeding, the *Imhof, Leuthold* and *Baumgartner* cases were, with the consent of the parties and the knowledge of the court, held in abeyance.

The affidavits, filed on behalf of the Port of Tillamook Bay and in support of its motions, recited that a material witness, Mr. Ed Stowers, died in October of 1975. Mr. Stowers' unavailability as a witness is the only prejudice claimed by defendants.

[ 678 ]

The affidavits of plaintiffs' counsel, Mr. George P. Winslow, filed in opposition to defendants' motions, were to the effect that the court and the parties had agreed that the *Imhof* case No. 16-226 was a test case and that the other matters would not proceed pending its determination. According to Mr. Winslow's affidavit, some delay in the setting of the *Imhof* case for trial was attributable to problems of his own personal health and that of his wife. Mr. Winslow's affidavit further explained that it was plaintiffs' intention to associate counsel for the trial of these proceedings and that the selection of their attorneys had been delayed pending a change of venue. Further, the plaintiffs, by Mr. Winslow's affidavit, announced their intention to proceed with these matters and requested that they be set for trial.

In granting defendants' motions for dismissal for want of prosecution the court did not comment on plaintiffs' contentions that the *Imhof* case No. 16-226 was a test case, but did note that the parties had agreed that it was to be tried first. However, it was the court's opinion that plaintiffs' delay in obtaining trial dates for the remaining cases after the decision in the Imhof case was not justified and ordered that the matters be dismissed for want of prosecution.

The recital in the defendants' affidavit that they were prejudiced by the death of the material witness, Mr. Stowers, was not refuted, but was not specifically pointed to by the trial court either in its oral opinion or orders of dismissal.

*Horn v. Calif.-Ore. Power Co. et al,* 221 Or 328, 351 P2d 80 (1960), tells us that trial courts have inherent powers to dismiss cases if failure to prosecute with due diligence is established. It tells us further that he who seeks to have an appellate court overrule the trial court has a heavy burden.

> "The responsibility of seeing to it that cases move along with reasonable diligence is primarily that of the circuit court judge. An appellate court should be slow to

[ 679 ]

interfere, and if it undertakes to overhaul the trial judge's exercise of discretion it should be in a position to point to something which constituted a plain abuse of discretion. In the case at bar the plaintiff has given us nothing whatever which shows abuse of discretion." 221 Or at 338.

*Horn* further points out that a showing of prejudice is not essential, that injury is presumed from unreasonable delay. 221 Or at 336.

Lastly, *Horn* points out that the responsibility of seeing to it that a case is moved along and entered on the docket for trial is that of the plaintiff and not the defendant. 221 Or at 337.

We find nothing in the record to warrant our holding that the trial court exercised its broad discretionary power improperly.

Affirmed.