Argued and submitted April 23, reversed and remanded December 9, 1992

In the Matter of the Marriage of

Deloris V. NELSON,
*Appellant,*
*and*

Arthur C. NELSON,
*Respondent.*

(15-86-08999; CA A71852)

843 P2d 507

Woodrow W. Pollock, Jr., Vancouver, Washington, argued the cause for appellant. With him on the brief was Northwest Legal Advocates, P.C., Vancouver, Washington.

Jack A. Billings, Eugene, argued the cause for respondent. With him on the brief was Diment, Billings & Walker, Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Wife appeals a default judgment that terminated husband's obligation to pay spousal support. We reverse.

After a 33-year marriage, the parties were divorced in 1987. The judgment ordered husband to pay $820 per month for wife's "care and support" for five years. After that, husband was to pay $500 per month permanent spousal support. Wife married Noble on March 23, 1991. Three days later, husband moved for an order to show cause why the judgment should not be modified to eliminate his spousal support obligation. He contended that wife's remarriage constituted a substantial change in circumstances that justified the modification. The court ordered wife to show cause why the judgment should not be modified. She filed an affidavit in response to the court's order.

Husband and wife initiated discovery. On April 23, 1991, husband served on wife a request for production of documents. He requested wage slips, tax returns, bank statements, documents evidencing ownership in real property and securities, life insurance policies and other documents containing financial information about wife and Noble. Wife responded that she would provide her financial documents, but objected to the request for Noble's documents on the ground that she did not have possession of or access to them.[1] Husband moved to compel production of Noble's documents. His motion did not include a certificate of compliance with UTCR 5.010. Wife responded by filing an *ex parte* motion for an order denying husband's motion to compel production on the ground that husband had not complied with UTCR 5.010. The court granted husband's motion to compel.[2]

On July 26, husband filed a motion to strike wife's affidavit as a sanction for failing to comply with the discovery order. Wife filed an affidavit in response: "I do not have

---

[1] She also objected on the grounds that the information they contained was irrelevant and that the request was not designed to lead to discovery of admissible evidence. She ultimately abandoned those objections.

[2] ORCP 46 does not establish any particular method for responding to a motion to compel discovery. Although wife's response to husband's motion was in an unconventional format, it did bring husband's noncompliance with UTCR 5.010 to the court's attention, and it was sufficient to preserve the issue of his noncompliance.

possession of, or access to, documents relating to the finances and financial condition of my present husband [Noble] which are being sought by [husband]." She specifically listed items in husband's request for production that she did not have access to. The court granted husband's motion, struck her affidavit opposing the order to show cause, found her in default and entered the judgment terminating husband's obligation to pay spousal support.

In her first assignment of error, wife asserts that the court erred by issuing the order to show cause. She contends that the provision in the judgment for spousal support memorialized a property division between husband and wife. A spousal support award may preclude modification if it is in the nature of, or in lieu of a property award. *See Smith and Smith*, 103 Or App 614, 617, 798 P2d 717 (1990), *rev den* 311 Or 87 (1991). Her contention that the judgment is not subject to modification cannot be resolved without a hearing to determine whether her contention is true. The court did not err by issuing the order to show cause.

Next, wife contends that the court erred by granting husband's motion to compel discovery. UTCR 5.010 provides, in part:

"(2) *The court will deny any motion* made pursuant to ORCP 36 through 46, unless the moving party, before filing the motion, makes a good faith effort to confer with the other parties concerning the issues in dispute.

"(3) The moving party will file a certificate of compliance with the rule at some time prior to the time set for hearing on the motion. The certificate shall be sufficient if it states either that the parties conferred or contains facts showing good cause for not conferring." (Emphasis supplied.)

Husband never filed a certificate of compliance with UTCR 5.010.[3] He contends:

"There was nothing for husband's counsel to discuss with wife's attorney concerning [her] contention that [she] did not have access or possession of the documents. It would have

---

[3] The record does not indicate whether the court held a hearing before deciding the motion.

been a waste to confer with counsel and the law does not require a party to pursue a futility."

Husband is correct, insofar as UTCR 5.010(3) contemplates that conferring with opposing counsel might be futile. However, even if conferring with opposing counsel would be futile, the moving party still must file a certificate of compliance that "contains facts showing good cause for not conferring." UTCR 5.010(3).

Read together, UTCR 5.010(2) and UTCR 5.010(3) remove the court's discretion to grant a discovery motion that is not accompanied by a certificate of compliance.[4] Although conferring with wife's attorney might have been futile, husband did not submit a certificate of compliance that would have allowed the court to make that assessment. The court was, therefore, without authority to grant his motion to compel production.

■ Because the court erred by granting husband's motion to compel, it lacked authority to impose sanctions against wife for failing to comply with its order.

The court also erred by striking wife's affidavit opposing the show cause order.[5] She was not in default, and the court erred by modifying the judgment without a hearing on the merits.

Reversed and remanded. Costs to wife.

---

[4] UTCR 1.100 provides:

"Relief from application of [the Uniform Trial Court Rules] in an individual case may be given by a judge on good cause shown if necessary to prevent hardship or injustice."

We cannot envision a hardship or injustice that could be caused by requiring a party to submit a certificate of compliance.

[5] In her affidavit opposing husband's motion to strike, wife swore that she did not have access to the documents that the court had ordered her to produce. Husband offered no evidence to the contrary, other than his assertion that he

"[could not] conceive of her being in a marriage relationship without having access to and intimate knowledge of the financial affairs of the marriage."

A court has discretion in imposing sanctions for discovery violations, *see Stronach v. Ellingsen*, 108 Or App 37, 40, 814 P2d 175, *rev den* 312 Or 151 (1991), but it cannot compel a person to produce documents that the person does not have. The court's sanction would have been an abuse of discretion, even if it had the authority to grant husband's motion to compel.