Argued and submitted May 1, reversed and remanded for further proceedings December 23, 1992

In the Matter of the Marriage of

Linda Ann COLEMAN,
nka Linda Ann Pritchett,
*Respondent,*

*and*

Ronald D. COLEMAN,
*Appellant.*

(74-4963; CA A72385)

844 P2d 234

John G. Cox, Eugene, argued the cause for appellant. With him on the brief was Hutchinson, Anderson, Cox, Parrish & Coons, P.C., Eugene.

John I. Mehringer, Bandon, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Husband appeals the denial of his motion to set aside an order of default and a default modification order. We reverse and remand.

In August, 1990, wife moved to modify the parties' dissolution judgment, seeking an increase in child support. Husband was served in October. In November, wife filed a motion and order of default that the court signed on November 30. On May 21, 1991, the court entered a modification. On September 16, husband filed a motion captioned "MOTION TO SET ASIDE DEFAULT ORDER AND JUDGMENT OF MODIFICATION BY DEFAULT (Evidentiary Hearing and Oral Argument Requested)." The court denied the request for argument and the motion to set aside.

Husband argues that, under the Uniform Trial Court Rules (UTCR), the court erred in denying his request for oral argument. Under ORS 1.002(1)(a), the Chief Justice has the authority to make rules to facilitate supervision of the courts of the state. UTCR were issued under that authority. With certain exceptions not applicable here, they "apply uniformly to all proceedings and actions in circuit or district court." UTCR 1.010(1). UTCR 5.050(1) provides:

> "There shall be oral argument if requested by the moving party in the caption of the motion or by a responding party in the caption of a response. The first paragraph of the motion or response shall include an estimate of the time required for argument and a statement whether official court reporting services are requested."

Wife argues that UTCR do not have the force of law to deprive the trial court of discretion and that the court did not abuse its discretion in not allowing argument here. In *Nelson and Nelson*, 117 Or App 157, 843 P2d 507 (1992), we held that, under the mandatory language of UTCR 5.010(2) and (3), a trial court does not have the discretion to grant a discovery motion that is not accompanied by a certificate of compliance. UTCR 5.050 is likewise mandatory: There *shall* be oral argument if it is requested. Although wife is correct that the trial court retains some discretion under UTCR, it is exercised in relief from application of the rules, UTCR 1.100,

or in sanctions for failure to comply with UTCR. UTCR 1.090. The court does not have discretion to ignore the rules.

Wife notes that UTCR are to be construed "to promote the just, speedy, and inexpensive determination of every proceeding and action, as well as the efficient use of judicial time and resources." UTCR 1.010(2). However, the rules apply throughout the state; local rules that conflict with them are not permitted. UTCR 1.030. Permitting a local court to follow or ignore the rules as it chooses does not promote uniformity *or* just and speedy determinations.

We need not reach husband's remaining assignments of error.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs, not including attorney fees, to husband.