Argued and submitted May 20, 1996, reversed and remanded June 11, 1997

Dwight LAMBERT,
*Appellant,*

*v.*

AMERICAN DREAM HOMES CORPORATION,
dba Sheridan Custom Homes,
an Oregon corporation,
and Liberty Homes, Inc.,
an Indiana corporation,
*Respondents,*

*and*

INDEMNITY COMPANY OF CALIFORNIA,
a California corporation,
*Defendant.*

(911397; CA A87691)

939 P2d 661

John W. Beebe argued the cause and filed the briefs for appellant.

Ridgway K. Foley, Jr., argued the cause for respondent Liberty Homes, Inc. With him on the brief were Foley & Duncan, P.C., Jack L. Stewart and Stewart & Lucas, P.C.

Larry R. Roloff argued the cause and filed the brief for respondent American Dream Homes Corporation.

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and Landau, Judge.

LANDAU, J.

Richardson, C. J., dissenting.

**LANDAU, J.**

Plaintiff appeals a judgment dismissing his complaint for want of prosecution. We reverse and remand.

The relevant facts are not in dispute. On October 21, 1991, plaintiff filed a complaint against American Dream Homes Corporation (American) alleging that he had purchased a new manufactured home from American that was defective in many respects. The matter was referred to an arbitrator, and, on June 18, 1992, the arbitrator found in favor of plaintiff. On July 14, 1992, American filed a request for a trial *de novo* before the circuit court. Trial was scheduled to begin October 29, 1992. On October 28, 1992, plaintiff moved for a continuance, and the trial court granted the motion. Trial was rescheduled to begin January 6, 1993.

Two days before trial was scheduled to begin, American filed a motion to withdraw its request for a trial *de novo*. Plaintiff opposed the motion and urged that the trial go forward as scheduled. The trial court declined to accept American's withdrawal and rescheduled the trial to begin June 28, 1993. Two months before trial, American moved for a continuance, which the trial court granted; trial was postponed to July 7, 1993. Two weeks before trial, American again moved for a continuance, and again the trial court granted American's motion. Two weeks before the next trial date, American moved again for leave to withdraw its request for a trial *de novo*, and again the trial court denied the motion and rescheduled trial for October 28, 1993. The record does not explain why trial did not proceed on that date, but on November 2, 1993, American once again moved for a continuance, citing ongoing settlement negotiations with plaintiff. The trial court granted the motion, setting the case for trial on June 7, 1994.

In the meantime, plaintiff moved for leave to file a first amended complaint. The trial court granted the motion, and, on March 17, 1994, plaintiff filed a first amended complaint, which added claims against the manufacturer of plaintiff's home, Liberty Homes, Inc. (Liberty). On May 23, 1994, Liberty filed Rule 21 motions against the first amended complaint and moved the court to postpone the trial date. The

trial court granted the postponement until September 12, 1994. The Rule 21 motions never were heard. Liberty withdrew its request for argument on the matter after plaintiff agreed to file a second amended complaint. On July 25, 1994, plaintiff circulated to both defendants a proposed second amended complaint. Plaintiff advised both defendants that, if neither party had any further objections, he would file the second amended complaint on August 1, 1994, so that trial could proceed as scheduled.

Plaintiff did not file the second amended complaint. The parties agreed to meet to discuss the case on August 2, 1994. At that time, the parties continued their settlement negotiations. On September 1, 1994, all three parties filed a stipulated motion for a continuance until February 1995. The trial court granted the motion. The next entry in the trial court register is a joint motion of American and Liberty, filed on January 27, 1995, for an order dismissing the action for want of prosecution. The motion is supported by an affidavit of counsel complaining of plaintiff's failure to cooperate with settlement negotiations and discovery requests over the preceding five months. Plaintiff opposed the motion and offered an affidavit of his counsel complaining that it was defendants who failed to cooperate with settlement efforts and that only after plaintiff refused a January 20, 1995, settlement offer did defendants move for dismissal of the action.

At oral argument on the dismissal motion, the trial court asked plaintiff whether he was prepared to go to trial. Plaintiff responded that he was prepared to try the case as scheduled, on February 13, 1995, on the claims described in the second amended complaint, which had been sent to counsel over six months earlier. Defendants complained that they would need additional time to conduct discovery before they would be ready to try the case. The trial court granted the dismissal motion, explaining its decision in the following terms:

"[T]his case has been around for a long time. It's been set for trial since last September with the concurrence of the parties. The Court would anticipate that every party would be prepared, would have done what it was required to do in time so that everyone could be prepared to go forward with the trial. I am satisfied that there was not a complaint filed as it was the obligation of the Plaintiff to do to move the

case along. And for that reason, primarily, I am doing this. But I am taking into account the long history of this case that was recounted to me which frankly, before anyone recounted it, I read through the file and saw. It's gone on and on and on. The Plaintiff cannot have forever to seek justice. He has to meet the requirements that are placed on every other plaintiff and that's—I think he has not met that."

■ Plaintiff contends that the trial court erred in dismissing the action. At the very worst, he argues, he delayed in filing a second amended complaint for several months during which time the parties engaged in settlement negotiations. According to plaintiff, it was defendants who were less than diligent in failing to prepare for the trial on schedule. Defendants respond that, because plaintiff had "withdrawn" his first amended complaint, there was no basis for them to prepare for any trial, and, given the length of time the action had been pending, the trial court did not abuse its discretion in dismissing the case.

■ We review the trial court's decision to dismiss for want of prosecution for abuse of discretion. *Blue Horse v. Sisters of Providence*, 113 Or App 82, 85, 830 P2d 611, *rev den* 314 Or 727 (1992). An abuse of discretion occurs when the trial court's decision is "not justified by and clearly against the evidence and reason." *Lutz v. State of Oregon*, 130 Or App 278, 285, 881 P2d 171 (1994). Although plaintiffs generally bear the responsibility for seeing that their cases move forward, *Imhof v. Tillamook County*, 30 Or App 675, 680, 567 P2d 1054 (1977), delay alone does not show a lack of prosecution. *Moore v. Ball, Janik & Novack*, 120 Or App 466, 471, 852 P2d 937, *rev den* 317 Or 485 (1993).

We have noted in another context that dismissal is a "drastic" sanction, to be reserved for the most severe violations of rules and court orders. *Pamplin v. Victoria*, 138 Or App 563, 567, 909 P2d 1245 (1996) (dismissal appropriate only in the face of "most severe violations"). The Supreme Court likewise has stated that, even when responding to willful violations of court discovery orders, a trial court may order dismissal only after explaining "the analytical process by which [it] concluded that dismissal is 'just' in * * * view of the other sanctions that are available." *Pamplin v. Victoria*,

319 Or 429, 437, 877 P2d 1196 (1994). In cases in which a party faces sanctions for mere negligent conduct, we perceive no lesser need for care in framing an appropriate sanction. With those principles in mind, we turn to the trial court's decision.

We are unable to discern either evidence or reason to support the dismissal of this case for want of prosecution. The trial date that the court previously set had not yet arrived, and plaintiff said that he was ready to proceed. It was defendants who claimed that they were not ready to go forward, because they had not yet conducted discovery in preparation for trial.

The trial court justified its decision "primarily" because "there was not a complaint filed" in the case. The trial court file, however, clearly shows that plaintiff filed a first amended complaint. Defendants may have filed motions against that complaint, but the motions were never argued, and the trial court never ruled on them. Meanwhile, nothing in the record reflects a withdrawal of the first amended complaint. Clearly there was a complaint filed in the case.

The trial court also justified its decision on the fact that the case has "gone on and on and on." Merely because a case has suffered delays does not mean that there has been a failure to prosecute, particularly when it is not plaintiff's inaction that produced the delays. A review of the record shows that, following the arbitrator's decision in June 1992, plaintiff made a single motion for continuance, in October 1992. Thereafter, on the eve of trial, American moved to withdraw its request for trial. When that motion was denied and trial was rescheduled, American again moved for a continuance not once, but twice, followed by a renewed motion to withdraw its request for trial and yet another American motion for a continuance. That was followed by a motion from Liberty for a continuance and, after a total of nearly 20 months of delay occasioned by defendants' motions, a joint motion by all parties for a continuance. In short, although the record certainly shows that the case was slow to come to trial, it also clearly shows that the delay cannot reasonably be attributed to plaintiff alone.

Defendants argue that failing to agree with the trial court's assessment of responsibility for the delays in this matter amounts to *de novo* review of the facts, contrary to the required review for abuse of discretion. We disagree. No facts are in dispute in this case. Our review of that decision, therefore, involves only the question whether the court abused its discretion in concluding, on the basis of the undisputed facts, that dismissal is warranted. In that light, we conclude that there is a complete absence of evidence or reason to support dismissal for want of prosecution.

Reversed and remanded.

**RICHARDSON, C. J.,** dissenting.

The trial court dismissed this case on defendant's motion for want of prosecution. ORCP 54 B(1). The majority says:

"We are unable to discern either evidence or reason to support the dismissal of this case for want of prosecution." 148 Or App at 376.

I disagree and dissent.

The trial court's decision to dismiss for want of prosecution "will be affirmed in the absence of a showing of manifest abuse of discretion." *Bock v. Portland Gas & Coke Co.*, 202 Or 609, 616, 277 P2d 758 (1954); *Blue Horse v. Sisters of Providence*, 113 Or App 82, 85, 830 P2d 611, *rev den* 314 Or 727 (1992). Each case is dependent on the particular facts and the discretion exercised is that of the trial court, not this court.

Because the exercise of discretion is somewhat fact specific, I recite the facts in considerably more detail than does the majority. I take the facts from the trial court file, the affidavits and memoranda of trial counsel and the statements of counsel during the hearing on defendants' motion to dismiss.

On October 21, 1991, plaintiff filed a complaint against American Dream Homes Corporation (American)[1]

---

[1] The complaint also named Indemnity Company of California as a defendant. That defendant is not involved in this appeal.

alleging that he had purchased a new manufactured home from American in November 1990, and that the home was defective in many respects. The complaint alleged claims for breach of contract, fraud and unlawful business practices. The case was assigned to an arbitrator on February 28, 1992, and the arbitration report was filed on June 18, 1992. American filed a request for a trial *de novo* before the circuit court on July 14, 1992, and trial was scheduled for October 29, 1992. Plaintiff moved for a continuance of the trial date and it was rescheduled for January 6, 1993.

On January 4, 1993, American filed a "Notice of Withdrawal of Appeal and Consent to Award of Arbitrator." The court signed an order allowing the withdrawal. Plaintiff, who had been aware of American's intention, filed an objection and supporting memorandum on January 5, 1993, to withdrawal of the appeal. After an exchange of memoranda and a hearing on March 29, 1993, the court reinstated the appeal by order dated April 5, 1993.

Because of the hearing on plaintiff's motion to reinstate the appeal, the trial was rescheduled to June 28, 1993. In May 1993, American moved to reschedule the trial date and requested a settlement conference with a circuit court judge. *See* ORCP 54 F. The settlement conference was set for June 15 and a trial date for July 7, 1993. Because counsel for plaintiff was unable to attend the settlement conference, defendant's counsel, with plaintiff's counsel's concurrence, asked that the settlement conference be reset. The attorneys agreed on a new trial date of July 30, 1993.

There apparently was an additional settlement conference with a circuit court judge and other settlement negotiations. On July 12, 1993, American moved for leave to withdraw its appeal and consent to enforcement of the arbitrator's award. The parties had discussed American's motion and plaintiff responded on July 13, 1993, by memorandum objecting to withdrawal of the appeal. After a hearing on September 2, 1993, the court denied American's motion by order dated September 13, 1993. Trial was set for October 28, 1993.

American requested a postponement of the October trial date because the parties had made "significant steps"

toward settlement. Plaintiff's counsel agreed with the request. In response to the motion, the court set the matter for a settlement conference on January 25, 1994, with a trial setting to await the outcome of the settlement conference. The settlement conference was apparently unsuccessful and the case was set for trial on June 7, 1994.

In the meantime, plaintiff moved, on March 17, 1994, for leave to file a first amended complaint to add Liberty Homes, Inc. (Liberty), the manufacturer of the home, as a defendant. The summons and complaint were served on Liberty on April 19, 1994. Counsel for plaintiff explained that the reason for the late amendment was that he had erroneously believed that American was the dealer *and* the manufacturer of the home. It appears that Liberty became the principal defendant in the case.

On May 23, 1994, Liberty filed a motion against the first amended complaint under ORCP 21 and asked that the June trial date be rescheduled to allow for a hearing and a ruling on the motion. Trial was postponed to September 12, 1994. Liberty withdrew its request for a hearing on its Rule 21 motion, because plaintiff promised to file a second amended complaint and effectively withdraw the complaint on file. On July 25, 1994, plaintiff sent a draft of his proposed second amended complaint to both defendants and advised them that if there were no objections to the complaint he would file it on August 1, 1994.

Plaintiff did not file the second amended complaint. The attorneys for the parties met on August 2, at the request of American's counsel, for settlement conference. At the conference, Liberty requested information from plaintiff about his damages. Plaintiff provided that information on October 4, 1994. Liberty had also asked to inspect the manufactured home but delayed that inspection until December 8, 1994. After the settlement conference of August 2, 1994, the parties filed a stipulated motion to reset the case. The court allowed that motion and set a firm trial date of February 13, 1995.

There were continuing, but sporadic, settlement negotiations, and on January 5, 1995, Liberty's counsel sent a written offer to plaintiff's counsel, which said:

"Please confer with your client regarding this offer and get back to me by Wednesday, January 11, 1995, with any questions or response. As we discussed, if we are going to end up litigating this claim, I will need to schedule depositions and other discovery well in advance of the February 13, 1995, trial date."

Plaintiff's counsel was unable to respond because he could not reach plaintiff to confer about the offer. Defendants filed a joint motion to dismiss on January 27, 1995. Plaintiff's counsel responded to the settlement offer of defendants and proposed a counter-offer on January 30, 1995. That offer was rejected, and the motion to dismiss was heard on Friday, February 10, 1995, three days before the scheduled trial date. In support of the motion, defendants contended that plaintiff had not filed a second amended complaint as promised, had not cooperated with settlement negotiations and, if plaintiff was allowed to file the second amended complaint in anticipation of the February 13 trial date, defendants would be deprived of response time.

The court allowed the motion and dismissed the complaint without prejudice. The court said:

"Yeah, a lot of conversation—this case has been around for a long time. It's been set for trial since last September with the concurrence of the parties. The Court would anticipate that every party would be prepared, would have done what it was required to do in time so that everyone could be prepared to go forward with the trial. I am satisfied that there was not a complaint filed as it was the obligation of the Plaintiff to do to move the case along. And for that reason, primarily, I am doing this. But I am taking into account the long history of this case that was recounted to me which frankly, before anyone recounted it, I read through the file and saw. It's gone on and on and on. The Plaintiff cannot have forever to seek justice. He has to meet the requirements that are placed on every other plaintiff and that's—I think he has not met that."

Plaintiff argues that the court was wrong in concluding "that there was not a complaint filed as it was the obligation of the Plaintiff to do to move the case along." He contends that there was a first amended complaint on file, that Liberty's Rule 21 motion had not been ruled on and that

there was no order requiring him to file a second amended complaint. Plaintiff argues on appeal that he was prepared to proceed to trial on the first amended complaint but defendants were not. The majority accepts that contention. It says there was a complaint on file and plaintiff was ready to proceed.

Plaintiff's argument, made for the first time in plaintiff's brief, is somewhat disingenuous. Liberty's Rule 21 motion against the first amended complaint was set for argument but the request for hearing was withdrawn by Liberty when plaintiff agreed to file a second amended complaint and thereby effectively withdrew the challenged complaint. During argument on defendants' motion to dismiss, Liberty's counsel recited that understanding and contended that there was no reason to reschedule the hearing on the Rule 21 motion. Plaintiff did not dispute that statement. The trial court asked plaintiff's counsel if he was ready for the trial that was scheduled in three days. Plaintiff's counsel responded that he was and, when the court inquired as to what complaint he was proceeding on, counsel responded:

"The claims of the second amended complaint which has been before, though not filed, and I'll concede that, which has been before the counsel for both defendants for several months now."

Counsel was aware that he had to move for leave to file the second amended complaint and conceded that he had not made this required motion. Plaintiff may have been ready to try the case, but the case was not at issue on the complaint he wished to prosecute. He made no argument or mention to the trial court that he could or would proceed to trial on the complaint already on file. Consequently, the trial court was justified in concluding that there was no complaint on file; in other words, that the case was not at issue. Defendant's motion to dismiss was made 18 days before the trial date, and heard and allowed three days before that date. The firm trial date had been set about five months earlier by stipulation of the three parties. Although the motion to dismiss was allowed before the trial date arrived, the case would not have been at issue on the date set for trial. If plaintiff had moved for leave to file the second amended complaint, defendants

indicated that they would object. If the court allowed the motion and the amended complaint was filed either on Friday, the day the motion to dismiss was argued, or on the following Monday, the day of trial, defendants would be entitled to respond. The case could not have proceeded to trial on the date scheduled.

Plaintiff appears to suggest that defendants' actions delayed the case because they were dilatory in settlement negotiations, in not setting the Rule 21 motion for argument and in not having taken plaintiff's deposition or completed discovery. Plaintiff has the responsibility to prosecute his case to final determination with reasonable diligence. Defendants have a duty to take such steps as may be required by actions taken by plaintiff. They should exercise reasonable diligence to do that; but beyond that they may remain passive. If the case had been fully at issue on the second amended complaint, defendants might have been at fault for not being prepared to proceed. But, because the case was not and could not be at issue by the date set for trial, their lack of preparedness was beside the point.

Defendants and the court were justified in concluding that plaintiff had effectively withdrawn the first amended complaint in response to the Rule 21 motion and would proceed only after filing the second amended complaint. Under those circumstances, the Rule 21 motion became moot. There was no need for defendants to seek a ruling on that motion.

Plaintiff explains that the second amended complaint was not filed because, he contends, the parties had agreed to defer getting the pleadings in order to try and settle the lawsuit. He contends that the defendants were not cooperating with settlement efforts and that the motion to dismiss was filed only after he had rejected a final written offer which had a very short deadline. Defendants counter that it was plaintiff who was not cooperative in the settlement process or in honoring defendants' requests for discovery during the preceding five months.

The trial court did not base its decision on the relative diligence of the parties toward settling the case. Consequently, it did not resolve that dispute and it is unnecessary

to the decision to have it resolved. Alternative resolution of disputes is to be encouraged; but the settlement process must be done within the confines of the litigation process. The court set a firm trial date of February 13, 1995, and all parties were aware that if the case was not settled, trial would proceed on that date. The trial court noted that there had been five previous trial dates and that the case had "been hanging around since 1991." The case was not at issue on the complaint that plaintiff wished to prosecute and could not be at issue by the time set for trial. Under those circumstances, the trial court was not compelled to again reset the case. Whatever the reason for the failed settlement attempts, plaintiff had not met his responsibility to get the case at issue by the deadline imposed by the court.

The majority says that merely because there are long periods of delay does not mean that there has been a failure to prosecute. While that is basically correct, a long period of time with no resolution of the case is an appropriate factor for the court to consider. The majority also says that any delays are attributable to defendants and cannot reasonably be attributed to plaintiff. The question of the various setovers and delays was not raised by either party in the trial court. Consequently, the reasons for the delay and their justification was not litigated by the trial court. The conclusions about the periods of delay are extracted by the majority simply from the notations in the record as to which party moved for a continuance.

The delays, which the majority concludes cannot be attributed to plaintiff, and the fact a complaint was on file are the principal bases for the majority's conclusion that the court manifestly abused its discretion. Plaintiff made neither of those arguments to the trial court and only on appeal argues, rather summarily, that there was a complaint on file.

The facts before the trial court and the record before us do not support the majority's analysis. The trial court did not abuse its discretion. I would affirm its decision and, therefore, dissent.