Submitted on record and briefs December 7, 2007, reversed and remanded
February 6, 2008

Thomas ANDERSON,
*Plaintiff-Appellant,*

*v.*

STATE FARM MUTUAL
AUTO INSURANCE COMPANY,
*Defendant-Respondent.*

Multnomah County Circuit Court
050606129; A130616

177 P3d 31

Thomas Anderson filed the briefs *pro se*.

Ralph C. Spooner and Tyler E. Staggs filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff appeals from a judgment dismissing his case against defendant insurer on the ground that "there is another action pending between the same parties for the same cause." ORCP 21 A(3). Plaintiff challenges the dismissal on several grounds, including that defendant failed to comply with the conferral and certification requirements mandated in UTCR 5.010(1) and (3). We agree that defendant's violation of UTCR 5.010 compelled the denial of its motion to dismiss pursuant to ORCP 21 A(3). Accordingly, we reverse and remand.[1]

This case arises from a 1998 automobile accident in which plaintiff, an Oregon resident, was injured. At the time of the accident, plaintiff was insured under a policy issued by defendant for personal injury protection (PIP) insurance benefits. For a variety of reasons immaterial to our review here, defendant refused to pay more than $628.57 in PIP benefits to plaintiff. Plaintiff, first in federal court and now here, has sought to compel defendant to pay PIP benefits for the full amount of the policy's coverage. Plaintiff has also filed a declaratory judgment action in Washington, where the insurance policy was issued, seeking to establish his rights under the policy pursuant to Washington law.

Defendant moved to dismiss this action under, *inter alia*, ORCP 21 A(3), contending that plaintiff's action in Washington was, in essence, identical to the action here. In its motion, defendant certified, pursuant to UTCR 5.010(3), that it had made a good faith effort to confer with plaintiff. UTCR 5.010 provides, in part:

> "(1)   The court will deny any motion made pursuant to ORCP 21 and 23, except a motion to dismiss: (a) for failure to state a claim; or, (b) for lack of jurisdiction, unless the moving party, before filing the motion, makes a good faith effort to confer with the other party(ies) concerning the issues in dispute.
>
> "* * * * *

---

[1] Our analysis and disposition obviates the need to address plaintiff's other contentions.

"(3) The moving party must file a certificate of compliance with the rule at the same time the motion is filed. The certificate will be sufficient if it states either that the parties conferred or contains facts showing good cause for not conferring."

Plaintiff opposed defendant's motion, contending, in part, that defendant had not, in fact, made any effort to confer with plaintiff—that is, that the certificate of compliance that defendant submitted with its motion was false. Plaintiff asserted, consistently with UTCR 5.010(1), that, without a valid certificate of compliance as prescribed in UTCR 5.010(3), the court could not grant the ORCP 21 A(3) motion.

Defendant conceded that "a form certificate was inadvertently included" in its motion and that defendant had, in fact, failed to confer with plaintiff before filing the motion. Defendant asserted, however, that its noncompliance with UTCR 5.010(1) and (3) was immaterial because, in its view, "any attempt to confer with plaintiff would have been futile" and, in all events, if the court were to deny its motion on that basis, it would "simply confer with plaintiff and then file the same motion."

The trial court, without reference to the erroneously filed certificate and defendant's consequent violation of UTCR 5.010(3), granted defendant's motion to dismiss pursuant to ORCP 21 A(3).

On appeal, plaintiff, as noted, renews his argument that defendant's violation of UTCR 5.010(3) compelled the denial of the motion to dismiss pursuant to ORCP 21 A(3). Defendant reprises its response that its admitted noncompliance was immaterial because requiring compliance with UTCR 5.010(3) would not, ultimately, alter the substantive outcome. We agree with plaintiff that, in the circumstances presented here, compliance with UTCR 5.010(3) was mandatory and that, pursuant to UTCR 5.010(1), defendant's noncompliance precluded the allowance of its ORCP 21 A(3) motion to dismiss.

■ UTCR 5.010(1) and (3) are, in tandem, unambiguous. A trial court must deny any motion pursuant to, *inter alia*, ORCP 21 A(3) unless the moving party has filed a certificate

of compliance substantiating that the parties have, in fact, conferred regarding the issues in dispute or stating facts showing good cause for not conferring. Here, it is undisputed that defendant never filed a valid certificate of compliance under UTCR 5.010(3)—indeed, defendant erroneously filed a false certificate. The consequence of that failure is mandatory: "The court *will* deny" the motion. UTCR 5.010(1) (emphasis added).

■ Contrary to defendant's suggestion, "futility" does not excuse noncompliance with the requirements of UTCR 5.010(3). *See Nelson and Nelson,* 117 Or App 157, 161, 843 P2d 507 (1992). In *Nelson,* a domestic relations dispute, the husband filed a motion to compel production of certain documents. The wife responded that the husband's motion to compel must be denied under UTCR 5.010(2) because that motion did not include a certificate of compliance as prescribed in UTCR 5.010(3).[2] Notwithstanding the wife's objection, the trial court granted the husband's motion to compel.

We reversed. In so holding, we rejected the husband's assertion that he was excused from the certification requirement of UTCR 5.010(3) because conferring would have been "a waste" of time and an exercise in "futility":

"[E]ven if conferring with opposing counsel would be futile, the moving party still must file a certificate of compliance that 'contains facts showing good cause for not conferring.' UTCR 5.010(3).

"Read together, UTCR 5.010(2) and UTCR 5.010(3) remove the court's discretion to grant a discovery motion that is not accompanied by a certificate of compliance. Although conferring with wife's attorney might have been futile, husband did not submit a certificate of compliance that would have allowed the court to make that assessment. The court was, therefore, without authority to grant his motion to compel production."

*Nelson,* 117 Or App at 161 (footnote omitted). So too here.

---

[2] UTCR 5.010(2), which is precisely analogous to UTCR 5.010(1), provides:

"The court will deny any motion made pursuant to ORCP 36 through 46, unless the moving party, before filing the motion, makes a good faith effort to confer with the other parties concerning the issues in dispute."

■ Defendant further argues that, even if it did violate UTCR 5.010, that noncompliance could be excused pursuant to UTCR 1.100, which provides that "[r]elief from application of these rules * * * in an individual case may be given by a judge on good cause shown if necessary to prevent hardship or injustice." As support for that contention, defendant invokes *Nelson* and *Coleman and Coleman,* 117 Or App 333, 844 P2d 234 (1992). Defendant's argument fails for either of two reasons.

First, both *Nelson* and *Coleman* contradict defendant's contention that a trial court could, under UTCR 1.100, excuse an utter failure to comply with UTCR 5.010(3). Indeed, in *Nelson,* after quoting UTCR 1.100, we stated, "We cannot envision a hardship or injustice that could be caused by requiring a party to submit a certificate of compliance" with UTCR 5.010(3). 117 Or App at 161 n 4. Similarly, in *Coleman,* we held that a trial court could not, under UTCR 1.100, deny a party oral argument on a motion when that party had requested argument in accordance with UTCR 5.050(1).[3] In so holding, we explained:

"UTCR 5.050 is [like UTCR 5.010 in *Nelson*] mandatory: There *shall* be oral argument if it is requested. Although wife is correct that the trial court retains some discretion under UTCR, it is exercised in relief from application of the rules, UTCR 1.100, or in sanctions for failure to comply with UTCR. UTCR 1.090. The court does not have discretion to ignore the rules.

"Wife notes that UTCR are to be construed 'to promote the just, speedy, and inexpensive determination of every proceeding and action, as well as the efficient use of judicial time and resources.' UTCR 1.010(2). However, the rules apply throughout the state; local rules that conflict with them are not permitted. UTCR 1.030. Permitting a local

---

[3] UTCR 5.050(1) provides:

"There shall be oral argument if requested by the moving party in the caption of the motion or by a responding party in the caption of a response. The first paragraph of the motion or response shall include an estimate of the time required for argument and a statement whether official court reporting services are requested."

court to follow or ignore the rules as it chooses does not promote uniformity *or* just and speedy determinations."

*Coleman*, 117 Or App at 335-36 (emphases in original).

Second, even if—notwithstanding *Nelson*—a trial court could, in some extraordinary circumstance, exercise discretion under UTCR 1.100 to relieve a party from noncompliance with UTCR 5.010(3), there is nothing in this record showing that the trial court here purported to do so. In responding to plaintiff's contention regarding noncompliance with UTCR 5.010(3), defendant did not invoke UTCR 1.100—and, as noted, in granting defendant's motion to dismiss, the trial court did not address defendant's violation of UTCR 5.010(3).

The trial court erred in granting defendant's motion to dismiss under ORCP 21 A(3).

Reversed and remanded.