Submitted August 7, 2009, reversed and remanded for reconsideration
January 20, 2010

# Thomas ANDERSON,
*Plaintiff-Appellant,*

*v.*

# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Defendant-Respondent.*

Multnomah County Circuit Court
050606129; A140254

225 P3d 133

Thomas Anderson filed the briefs *pro se*.

Ralph C. Spooner, Melissa J. Ward, Tyler Stagg, and Spooner & Much, P.C., filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff appeals a general judgment dismissing for lack of prosecution his claim for personal injury protection (PIP) insurance benefits against defendant. We reverse and remand for reconsideration.

The relevant facts are undisputed and largely procedural in nature. This insurance coverage case stems from an automobile accident that occurred in Nevada in 1998. Plaintiff was injured in the accident, but had PIP coverage through defendant, under a policy issued in Washington. Plaintiff submitted a claim for his injuries, and defendant paid the claim in part and denied it in part. Plaintiff sued defendant in Washington to compel payment of additional benefits. While that action was pending, plaintiff initiated a similar action in Oregon, which the trial court dismissed because a similar action was pending in another state. On plaintiff's appeal of that dismissal, we reversed, for reasons that are irrelevant to the issue in this appeal. *Anderson v. State Farm Mutual Auto Ins. Co.*, 217 Or App 592, 177 P3d 31 (2008).

The case was reinstated on the Multnomah County Circuit Court docket on April 9, 2008. In June, the trial court set a trial date for late July and a trial call date of July 28. At call on July 28, on defendant's request for a trial setover, the court set a new trial call date of September 2.

Plaintiff desired an even later trial date, however. He conferred with defendant on August 1 and told defendant that he planned to file a motion to postpone the September trial date. Defendant stated that it would not oppose plaintiff's motion.

Three days later, on August 4, plaintiff filed an unopposed "motion to postpone civil trial," requesting a trial setover. He also served a copy of that motion on defendant. The motion, for reasons that are not evident from the record, was never entered by the court and does not appear in the record in this case. Plaintiff was unaware that his motion was not actually entered by the court, because the court marked his copy with a date-filed stamp. Defendant does not

dispute that plaintiff filed the motion and that the court's failure to enter the motion was not plaintiff's fault.

On September 2, plaintiff, who represented himself and had no attorney, contacted the trial court because he would be unable to attend trial call in person because of an illness. He requested permission to appear by telephone, but the court clerk told him that he must appear in person. When plaintiff did not appear, defendant moved to dismiss the case for lack of prosecution. Instead of ruling on defendant's motion, the court set trial call over to the next day and had the court clerk contact plaintiff to tell him that his presence was required.

On September 3, plaintiff again failed to appear at trial call, and defendant renewed its motion to dismiss for lack of prosecution. The trial court granted the motion, reasoning, in part:

"THE COURT: * * * And do I understand that you are telling me—and I think he says the same thing—that there was an effort on [plaintiff's] part to speak with the attorney Ralph Spooner by telephone on August 1, and that at that time Mr. Spooner indicated that he did not oppose or contest the motion for a setover, and—

"[DEFENDANT]: Well—

"THE COURT: —then more time has elapsed since that time; in fact, 30 days, *and there has been no effort to set it over.*"

(Emphasis added.) The trial court specified that its dismissal was without prejudice and requested that defendant prepare a general judgment to that effect. The same day as its oral ruling, the court mailed to plaintiff a notice of dismissal for lack of prosecution, which stated that, "if there is no good cause shown why the case should be continued," his case would be dismissed on October 8.

On September 4, defendant sent to plaintiff a proposed general judgment dismissing the case for lack of prosecution. Plaintiff notified defendant that he opposed the proposed judgment. On September 11, defendant sent the proposed judgment to the court, indicating plaintiff's opposition to it. The court accepted defendant's proposed general

judgment and signed the judgment of dismissal on September 12, which was entered three days later. On September 19, plaintiff objected to entry of the judgment. He filed a show cause response to the dismissal notice on October 8, which was the deadline that the court had provided for plaintiff to do so. On October 15, plaintiff filed a notice of appeal of the judgment dismissing his claim.

On appeal, plaintiff advances six assignments of error, several of which pertain to the trial court's decision to dismiss his case for lack of prosecution. One of his arguments is that the court abused its discretion in doing so because the court's understanding that he had made "no effort" since his August 1 conversation with defendant to set over the trial was erroneous. In fact, he notes, he filed a motion to postpone the trial date on August 4, which, through no fault of his own, was never entered by the court.

Defendant's response to that particular argument is that any available remedy is "against the court clerk" and not against defendant. In any event, defendant asserts, an oversight by the court clerk in not entering the motion was harmless because "[t]he trial court was not required to rule on plaintiff's motion prior to the call date and was clearly not required to grant the motion."

■■ An appellate court will affirm a trial court's decision to dismiss a case for lack of prosecution so long as there has been no "showing of manifest abuse of discretion." *Bock v. Portland Gas & Coke Co.*, 202 Or 609, 616, 277 P2d 758 (1954); *accord Lambert v. American Dream Homes Corp.*, 148 Or App 371, 375, 939 P2d 661 (1997). A court abuses its discretion when the relevant evidence is undisputed and does not rationally support the decision the court made. *Lambert*, 148 Or App at 377; *see also Lutz v. State of Oregon*, 130 Or App 278, 285, 881 P2d 171 (1994).

■ In this case, the trial court based its decision to dismiss plaintiff's case for lack of prosecution on the fact that, as of September 3, plaintiff had made "no effort" since his conversation with defendant on August 1 to set over the trial date. That characterization does not comport with the undisputed facts in this case, however. Defendant does not dispute that plaintiff filed a motion to postpone the trial date on

August 4. Because the trial court, in ruling on defendant's motion to dismiss for lack of prosecution, was operating under a mistaken understanding of the record, the record does not rationally support the decision that the court made. The court's decision, thus, constitutes an abuse of discretion. *See Lambert,* 148 Or App at 377.

■ Furthermore, we reject defendant's assertion that the failure to enter plaintiff's motion to postpone into the record in this case was harmless. The point is not that the trial court was required to act on the motion by a certain date but rather that the court mistakenly relied on the lack of any action by plaintiff between August 1 and September 3 in granting defendant's motion to dismiss for lack of prosecution. Accordingly, we must reverse and remand for the court to reconsider its dismissal in light of the undisputed facts.

■ We also note that, when dismissal for lack of prosecution is at stake, the plaintiff must be afforded an opportunity to show that good cause exists to continue the case. ORCP 54 B(3); *see also Moore v. Ball, Janik & Novack,* 120 Or App 466, 469-70, 852 P2d 937, *rev den,* 317 Or 485 (1993) (quoting ORCP 54 B(3) and stating that that rule so provides). In this case, it is clear that the trial court did not afford plaintiff such an opportunity. The court's notice of dismissal gave plaintiff a deadline of October 8 to file his show cause response. Nevertheless, the court entered a judgment of dismissal on September 15, well in advance of the deadline that it had provided for plaintiff to show cause why the case should not be dismissed for lack of prosecution.

Reversed and remanded for reconsideration.