Argued and submitted July 28, 2014, reversed and remanded
September 10, 2015

Tiffany LUCHT,
an individual,
*Plaintiff-Appellant,*

*v.*

MULINO HANGAR CAFE & ROADHOUSE, LLC;
and Mulino Hangar Cafe, LLC,
*Defendants-Respondents.*

Clackamas County Circuit Court
CV11030385; A154418

359 P3d 513

David A. Schuck argued the cause for appellant. With him on the briefs was Schuck Law, LLC.

Tyler Smith argued the cause for respondent Mulino Hangar Cafe, LLC. With him on the brief was Tyler Smith & Associates, P.C.

No appearance made for respondent Mulino Hangar Cafe & Roadhouse, LLC.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Plaintiff appeals a general judgment of dismissal in which the trial court acted *sua sponte* after plaintiff failed to meet a court-imposed deadline. After a bankruptcy stay was lifted in the case, the trial court reinstated the case on September 4, 2012, "provided [that the] case is at issue or default entered NLT [no later than] 10/15/12." Intervening motions allowed by the trial court extended a newly named defendant's deadlines beyond October 15, 2012. Nevertheless, the court dismissed the case on May 17, 2013, pursuant to the September 4, 2012, order. On appeal, plaintiff argues that the court abused its discretion in dismissing the case because the judge granted leave for plaintiff to amend her complaint, thus modifying the conditions of the September 4, 2012 order. We agree that the trial court abused its discretion. Accordingly, we reverse and remand.

We review a trial court's decision to dismiss a case for abuse of discretion. *Anderson v. State Farm Mutual Automobile Ins. Co.*, 233 Or App 250, 254, 225 P3d 133, 135, *rev den*, 348 Or 621 (2010). The relevant facts are procedural and undisputed.

Plaintiff, a former employee of Mulino Hangar Cafe & Roadhouse, LLC (Mulino Roadhouse), filed a complaint against that business entity in March 2011 and amended that complaint in June 2011. In June 2011, Mulino Roadhouse filed its answer to the amended complaint, and the trial court sent notice to the parties that the case was "at issue and ready for trial pursuant to UTCR 7.020."[1]

In early 2012, while the case was set for court-mandated arbitration, Mulino Roadhouse sought and was

---

[1] UTCR 7.020(3) provides, in part:

"If proof of service has been filed and any defendant has not appeared by the 91st day from the filing of the complaint, the case shall be deemed not at issue and written notice shall be given to the plaintiff that the case will be dismissed against each nonappearing defendant for want of prosecution 28 days from the date of mailing of the notice * * *."

UTCR 7.020(4) provides:

"If all defendants have made an appearance, the case will be deemed at issue 91 days after the filing of the complaint or when the pleadings are complete, whichever is earlier."

granted a stay after the restaurant's owners filed for bankruptcy. Shortly after the owners filed for bankruptcy, the Mulino Roadhouse entity was administratively dissolved, and a new entity, Mulino Hangar Cafe LLC (Mulino Cafe) was created.

When the bankruptcy court ruled that the stay applied to neither Mulino Roadhouse nor Mulino Cafe, plaintiff moved for reinstatement of her case in circuit court on August 8, 2012. On September 4, 2012, the court entered an order reinstating the case. A handwritten amendment to the order signed by the presiding judge stated that the case was reinstated "provided [that the] case is at issue or default entered NLT [no later than] 10/15/12."

On August 15, 2012, plaintiff had moved to amend her complaint to add Mulino Cafe as a defendant, alleging that Mulino Cafe, which continued to operate a restaurant in the same location with a name similar to Mulino Roadhouse, had been created to fraudulently avoid paying claims brought in this case. The court granted plaintiff's motion to amend on September 17, 2012, approximately two weeks after the case had been reinstated. On September 24, 2012, plaintiff filed her second amended complaint. On October 10, 2012, plaintiff personally served the second amended complaint on Mulino Cafe. ORCP 7 C(2) allows a defendant who is personally served 30 days to appear.

The October 15 deadline passed. Then Mulino Cafe appeared on October 31, 2012, and the parties continued to litigate the case. On May 17, 2013, the trial court entered a *sua sponte* general judgment dismissing the case. In an accompanying letter to the parties' counsel, the court stated that "all of the doings after October 15" were "moot" because "[t]he Presiding Judge's Order allowing reinstatement expressly requires the case be at issue or defaults be entered by not later than October 15, 2012."

As noted, plaintiff argues that the court's grant of leave to amend the complaint modified the condition that the case be at issue or in default by the October 15 deadline and, therefore, the court abused its discretion in dismissing the case for the failure of that condition. Mulino Cafe responds that the court's grant of leave is irrelevant and

the court did not err because the case was not at issue as of the October 15 deadline, reasoning that Mulino Cafe did not make an appearance until after the deadline and UTCR 7.020(3) requires all parties to appear for a case to be at issue. Moreover, defendant argues, the trial court's determination that the case was not at issue was a factual determination that we cannot overturn if there is any evidence to support that finding. We conclude that, under these unique circumstances, the trial court abused its discretion.

A trial court abuses its discretion if it exercises its discretion in a manner that is unjustified by, and clearly against, reason and evidence. *Quillen v. Roseburg Forest Products, Inc.*, 159 Or App 6, 10, 976 P2d 91 (1999). In the similar circumstance, where a trial court has dismissed a case for want of prosecution, we have held that the court abused its discretion by dismissing a case in which "the delay cannot reasonably be attributed to [the] plaintiff alone." *Lambert v. American Dream Homes Corp.*, 148 Or App 371, 376, 939 P2d 661 (1997); *see also Anderson*, 233 Or App at 255 (holding that the record did not "rationally support the decision the court made" where the court dismissed the case for want of prosecution without taking into account the undisputed fact that the plaintiff had filed a motion to postpone the trial that, through no fault of his own, was never entered by the court).

Here, the court imposed a condition on plaintiff that the case be at issue or in default by October 15. Yet, the court's subsequent grant of leave to amend the complaint took the ability to comply with that condition out of plaintiff's hands. In such circumstances, the failure of the condition cannot reasonably be attributed to plaintiff alone. *Cf. Lambert*, 148 Or App at 376 (holding that the court abused its discretion where "the delay cannot not reasonably be attributed to [the] plaintiff alone"). Consequently, we reject Mulino Cafe's argument that the court's grant of leave to amend the complaint is irrelevant. Mulino Cafe's remaining argument— that the trial court's determination that this case was not at issue by the October 15 deadline was a factual finding that we may not dispute—misses the mark. Whether the trial court was correct in determining that this case was not at issue does not enter our analysis because, ultimately, we

conclude that the trial court could not, without abusing its discretion, both enforce a condition and grant plaintiff leave to amend the complaint that would remove plaintiff's ability to comply with that condition. Accordingly, we reverse and remand.

Reversed and remanded.