## STATE OF OREGON, *Respondent,*
*v.*
## CHARLES W. PALMER, *Appellant.*
## (No. G43183, CA 9654)

580 P2d 592

Charles W. Palmer, Portland, filed the brief pro se for appellant.

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant appeals his conviction of a traffic infraction, possessing an open liquor container in a vehicle, ORS 487.841. Defendant appeared pro se in the district court, and no record of the trial was made. The state, relying on ORS 46.335, contends that defendant is thus barred from raising any issues on appeal that are not preserved in the pleadings. The statute provides:

"(1) All proceedings in district court shall be reported unless waived by the parties, except that proceedings in small claims actions and arraignments in violations and traffic infractions, including pleas and sentences thereon, need not be reported if a suitable record is otherwise maintained in accordance with rules of the Court of Appeals.

"(2) Waiver of reporting in criminal cases *or failure to make timely written request in accordance with local district court rule for reporting* civil, violation and *traffic infraction cases constitutes waiver of the right to appeal issues not otherwise preserved in the record.*" (Emphasis supplied.)

The rules of the Multnomah County District Court provide in pertinent part:

"*Reporting of Proceedings.*

"1) *Purpose.* The purpose of this rule is to implement and supplement ORS 46.330 to 46.350 and the rules adopted by the Court of Appeals relating to appeals from District Courts.

"* * * * *

"3) *Request for Reporting; Fee.* A written request for reporting a civil, violation or traffic infraction case shall be filed with the Court Clerk at least seven days prior to the trial or other proceeding date. * * *

"* * * * *."

Defendant contends that because he was appearing pro se he had no knowledge of the need to request a report of the proceeding prior to trial. He in effect contends that due process requires the trial court to affirmatively inform him of the court rules. To the

[ 127 ]

contrary, the provisions of ORS 46.335 should have put him on notice that there might be district court rules pertaining to the manner of requesting a report of the proceedings and that failure to comply with those rules might constitute a waiver of his right to a record. There is no evidence here that defendant requested to see the court's rules, or that the rules would not have been available to him had he made such a request. There is no affirmative duty on the part of the court to inform a pro se defendant of the existence and content of court rules. A defendant appearing pro se must inform himself of and comply with court rules as any other litigant. Defendant's failure to comply with the rules constitutes a waiver of his right to a record and his right to appeal based upon that record.

Affirmed.