Argued and submitted December 18, 1991, affirmed May 13, reconsideration denied October 7, petition for review denied November 24, 1992 (314 Or 727)

Charlene BLUE HORSE,
Personal Representative of the Estate of
Marnie D. Lowry, Deceased,
*Appellant,*

*v.*

SISTERS OF PROVIDENCE
IN OREGON,
dba St. Vincent Hospital and Medical Center;
C. Stephen White, M.D.; Michael G. Hauty, M.D.;
R. Mark Vetto, M.D.; and Donald T. Smith, M.D.,
*Respondents.*

(C89-0931CV; CA A65318)

830 P2d 611

Kathryn H. Clarke, Portland, argued the cause for appellant. On the briefs was Linda J. Rudnick, Portland.

Lindsey H. Hughes, Portland, argued the cause for respondents Sisters of Providence in Oregon, C. Stephen White, M.D., R. Mark Vetto, M.D. and Donald T. Smith, M.D. With her on the brief were Hallmark, Keating & Abbott, Wood, Tatum, Mosser, Brooke & Landis, Barbara H. Thompson, Schwabe, Williamson & Wyatt, Janet M. Schroer, Portland, and Schwenn, Bradley, Batchelor, Brisbee and Stockton and Larry A. Brisbee, Hillsboro.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent Michael G. Hauty, M.D. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff, personal representative of her deceased daughter's estate, appeals the dismissal of a wrongful death complaint. She argues that the trial court abused its discretion in dismissing the complaint and in denying her motion to set aside the judgment of dismissal. We affirm.

Plaintiff's daughter died on August 28, 1986, at St. Vincent Hospital and Medical Center. Plaintiff began this action against the hospital and four physicians on June 30, 1989. Other than opposing a change in venue, plaintiff took no action on the case for the next nine months. On March 27, 1990, plaintiff's attorney filed a motion to withdraw, because he had a conflict with plaintiff. That day, he wrote to plaintiff, who was residing in Los Angeles, to inform her that he would not be able to continue representing her. On April 4, 1990, the trial court sent out notices that trial was scheduled for July 24 with a pretrial conference scheduled for July 9.

During the next two weeks, defendants filed a number of notices and motions. On April 11, defendant Vetto served plaintiff with notice of a deposition on May 2 at 9:30 a.m. On April 17, defendant Smith filed a motion to compel discovery, because plaintiff had objected to items in his first request and did not respond to the second request. A hearing on that motion was scheduled for May 21. On April 16, defendant hospital filed a motion to continue the trial date, and on April 19, 1990, the court notified the parties that a hearing on that motion would be held on May 2, 1990, at 8:00 a.m. and that a pretrial conference would also be held at that time. The notice bore a typed, highlighted note that "Non-Appearance will result in dismissal." Plaintiff made no response to any of the notices or motions.

Plaintiff contacted another attorney on April 24, 1990. The attorney appeared at the May 2 hearing and told the court that she did not represent plaintiff and could not represent her unless the trial date was continued until February, 1991. The trial court rejected that continuance and, when the attorney continued to assert that she did not represent plaintiff, refused to let the attorney speak further on behalf of plaintiff. Because plaintiff did not appear in person for the hearing and mandatory pretrial conference or

for the deposition scheduled later that morning, the trial court ordered the case dismissed.

On May 29, 1990, the same attorney who had appeared at the May 2 hearing appeared and moved, on plaintiff's behalf, to set aside the judgment of dismissal. The trial judge concluded that the facts were insufficient for a finding of excusable neglect under ORCP 71B or to allow him to exercise his inherent power under ORCP 71C.

■ Plaintiff first claims that the trial court erred in dismissing the complaint. A trial court's decision to dismiss "will be affirmed in the absence of a showing of manifest abuse of discretion." *Bock v. Portland Gas & Coke Co.*, 202 Or 609, 616, 277 P2d 758 (1954). Plaintiff did not appear at the hearing and mandatory pretrial conference despite a clear warning that failure to appear would result in dismissal. Neither did she appear at her deposition after proper notice. The prosecution of the case had been stagnant for nine months, and the trial court said that the withdrawal of her former attorney signaled that "this [was] a dying case." The trial court did not abuse its discretion in granting defendant's motion to dismiss.

■ Plaintiff next claims that the trial court erred in denying her motion to set aside the judgment of dismissal. She first argues that the judgment should have been set aside under ORCP 71B, because she had demonstrated mistake, inadvertence and excusable neglect. A ruling on a motion to set aside a judgment is within the discretion of the trial court. *Bruner v. Cascade Western Corp.*, 88 Or App 501, 504, 746 P2d 231 (1987), *rev den* 305 Or 103 (1988). Likewise, the determination of whether or not a party has made a sufficient showing to establish that any neglect is "excusable" for the purpose of a motion to set aside a judgment is within the discretion of the trial court. *Fleetwood Investment v. Thompson*, 270 Or 584, 587, 528 P2d 518 (1974). We will not reverse the trial court's decision unless there was a manifest abuse of discretion.

Plaintiff's affidavit asserted that her failure to appear at the hearing and deposition was "due to inadvertence and excusable neglect" and due to her "need to be here [in Los Angeles] caring for [her] three minor grandchildren

and [her] mistaken belief that [the second attorney's] appearance at the May 2, 1990 hearing would result in a continuance * * *." If plaintiff's failure to appear was the result of a misunderstanding or miscommunication with her "attorney" at that time, there is no explanation of why that miscommunication should be excused under ORCP 71B. The trial court did not abuse its discretion in finding those facts insufficient to excuse plaintiff's failure to appear and in denying the motion to set aside under ORCP 71B. *See Bruner v. Cascade Western Corp., supra; see also Litton and Char-Ole Ranch, Inc.,* 281 Or 687, 576 P2d 369 (1978).

■     Plaintiff next argues that the judgment should have been set aside under ORCP 71C. She argues that the trial court had inherent authority to set aside the judgment "in the interests of justice." ORCP 71C provides:

> "This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7D.(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

Before ORCP 71C was enacted, case law provided that a court had inherent power to correct or set aside a previous judgment, provided that it did so within a reasonable time and that there were good and sufficient reasons for the exercise of the power to set aside an order. *See Far West Landscaping v. Modern Merchandising,* 287 Or 653, 658, 601 P2d 1237 (1979); *Braat v. Andrews,* 266 Or 537, 540, 514 P2d 540 (1973); *Morphet v. Morphet,* 263 Or 311, 317, 502 P2d 255 (1972). Since ORCP 71C was enacted, we have held that the inherent power to set aside a judgment is within the court's discretion, but does not arise absent extraordinary circumstances such as fraud. *Renninger and Renninger,* 82 Or App 706, 711, 730 P2d 37 (1986); *Vinson and Vinson,* 57 Or App 355, 359, 644 P2d 635, *rev den* 293 Or 456 (1982). We have also said that "[t]he inherent power to modify a judgment recognized in ORCP 71C is limited to technical amendments and extraordinary circumstances, such as extrinsic fraud." *Adams and Adams,* 107 Or App 93, 96, 811 P2d 919 (1991).

*Vinson and Vinson, supra,* did not address what "extraordinary circumstances" might be, other than fraud.

*Renninger and Renninger, supra,* suggests that a court may exercise its inherent power to modify or vacate the property division provisions of a dissolution judgment on a showing of fraud or overreaching by one of the parties. 82 Or App at 711. Nothing like fraud or overreaching occurred here. Although plaintiff's circumstances may be unfortunate, they simply are not "extraordinary circumstances" that require reversal.

Affirmed.