Argued and submitted December 18, 1992, affirmed February 16, 1994

In the Matter of the Marriage of

## Anna Louise RAINEY,
*Respondent,*

*and*

## Kevin Parker RAINEY,
*Appellant.*

(15-89-06859; CA A75618)

868 P2d 1348

Stephen J.R. Shepard argued the cause for appellant. With him on the brief was DePaolis, Shepard & Vallerand.

No appearance for respondent.

Before Richardson, Chief Judge, and Deits, Judge, and Durham, Judge pro tempore.

RICHARDSON, C. J.

### RICHARDSON, C. J.

Father appeals a final order that denied his motion to set aside a judgment modifying child support, ORCP 71B, and denied his alternative motion for a new trial, ORCP 64C. We affirm.

Mother and father's marriage was dissolved in 1990. Mother was awarded custody of their child, and father was ordered to pay child support. At the time, he was unemployed. In 1991, after learning that father had obtained work, mother moved to increase child support. Father responded by affidavit, stating that, although he was employed, he did not have sufficient income to pay additional child support. He alleged that his income was insufficient to meet his financial obligations, that mother's income was greater than before and that mother had overstated some expenses. Mother then moved for judgment on the pleadings pursuant to ORCP 21B. Father did not respond to the motion. The trial court granted mother's motion and entered a judgment increasing child support. Father did not appeal and, after the appeal time ran, he moved to set aside the judgment and, in the alternative, for a new trial. The court denied the motions and father appeals.

■ Father argues that the trial court should have set aside the judgment or granted him a new trial, because his initial affidavit placed facts in dispute and, therefore, a judgment on the pleadings was error. Even though the trial court may have erred in granting a judgment on the pleadings in a motion for modification of child support, we cannot reach the propriety of that decision. Father did not appeal the original judgment. His motion for a new trial was untimely under ORCP 64F,[1] and he does not provide a basis under ORCP 71B for addressing the error in granting the judgment on the pleadings.

Father also argues that the trial court should have set aside the judgment under ORCP 71B, because the judgment on the pleadings was the result of his attorney's mistake, inadvertence, surprise or excusable neglect in failing to

---

[1] ORCP 64F provides, in part:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow."

respond to mother's motion for judgment on the pleadings.[2] A ruling on a motion to set aside a judgment is within the discretion of the trial court. *Blue Horse v. Sisters of Providence*, 113 Or App 82, 830 P2d 611, *rev den* 314 Or 727 (1992).

■        Father's former attorney states, in a supporting affidavit, that he did not file a response to mother's ORCP 21B motion, because he believed that father's initial affidavit had placed facts in dispute and he did not want to increase father's attorney fees by filing an unnecessary response.[3] Father's decision not to file a responsive pleading, if one was needed, was the result of his attorney's assessment of father's legal position, the legal consequences of mother's motion and father's financial circumstances. Even if the judgment was erroneous, it was not issued as a result of mistake, inadvertence, surprise or excusable neglect of father or his counsel. The trial court did not abuse its discretion in denying father's motion to set aside the judgment.

Affirmed. No costs to either party.

---

[2] ORCP 71B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * *."

[3] ORCP 21B does not require an opposing party to file a responsive pleading:

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."