Argued and submitted September 13, 2013, reversed and remanded
June 18, petition for review allowed October 2, 2014 (356 Or 397)

UNION LUMBER CO.,
an Oregon corporation,
dba Bronson Lumber Company,
*Plaintiff-Respondent,*

*v.*

Ron R. MILLER
and Linda Miller,
*Defendants-Appellants.*

Union County Circuit Court
100746539; A152241

328 P3d 1284

Philip M. Wasley argued the cause for appellants. With him on the briefs was Wasley Law Office, P.C.

Jonel K. Ricker argued the cause for respondent. With him on the brief was Joseph & Ricker, LLC.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

### SERCOMBE, J.

Defendants appeal an order denying their motion to set aside a judgment in favor of plaintiff. The judgment, which awarded plaintiff damages, was entered following an arbitration that was conducted without defendants' participation. Among other things, defendants assert that their absence from the arbitration and the consequential judgment in plaintiff's favor occurred as a result of mistake, surprise, or excusable neglect, as well as the misconduct of plaintiff's attorney. Accordingly, defendants assert the trial court erred in not setting aside the judgment under ORCP 71 B.[1] Because we agree with defendants that the judgment was entered as a result of mistake, we reverse and remand.[2]

We liberally apply ORCP 71 B(1) so as to avoid the deprivation of a party's day in court "when it can be done without doing violence to the regular disposition of litigation." *National Mortgage Co. v. Robert C. Wyatt, Inc.*, 173 Or App 16, 23-24, 20 P3d 216, *rev den*, 332 Or 430 (2001). Although we are bound by the court's factual findings on a motion brought under ORCP 71 B(1) if they are supported by any evidence, Or Const, Art VII (Amended), § 3, one aspect of the liberal construction of the rule is that we view "the facts in the light most favorable to the party seeking relief

---

[1] ORCP 71 B(1) provides, in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F; (c) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment."

[2] Defendants also appeal a supplemental judgment that awarded plaintiff costs and attorney fees incurred in connection with defendants' motion to set aside the judgment. In light of our disposition, we reverse and remand the supplemental judgment as well. ORS 20.220(3)(a) ("If the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed[.]").

from the default." *Saldivar v. Roberts*, 240 Or App 371, 375, 246 P3d 91 (2011). We set out the facts consistently with those principles.

Plaintiff owns and operates building supply stores in northeast Oregon. In June 2002, defendant Ron Miller entered into an open account agreement with plaintiff for building supply purchases. In July 2010, plaintiff brought an action on that account against defendant Ron Miller and his wife, defendant Linda Miller, for the cost of goods purchased by defendants' son, Ean Miller. The complaint in Union County Circuit Court Case No. 100746539 set out claims for breach of contract and unjust enrichment, alleging that Ean Miller purchased building supplies at plaintiff's stores, charging the cost of the purchases to the account with his father's authority, and that the materials were used to improve defendants' properties in Union County. The complaint sought $17,865 in damages as the "current unpaid balance on Defendant Ron Miller's account." The complaint was personally served on defendant Linda Miller at the Millers' home in Burlington, Wisconsin, on August 3. Substituted service was obtained on her husband at that location in November 2010.

Each defendant sent a "power of attorney" to plaintiff's attorney, appointing Ean Miller as "my true and lawful attorney *** to answer the complaint filed in Case No. 10-07-46539 *** hereby ratifying and confirming all that my attorney lawfully does or causes to be done by virtue hereof." On August 30, Ean Miller filed the powers of attorney and defendants' answer and counterclaim with the court. The answer asserted that the purchases were by Ean Miller and not to his father's account or for his parents' benefit. The counterclaim pleaded that collection on the debt was stayed by the filing of Ean Miller's voluntary bankruptcy petition. The pleading was signed by "Ean Miller P.O.A." and identified "Defendant's Address" as "2816 N 2nd St., La Grande, OR 97850."

The court referred the case to mandatory arbitration on March 2, 2011. *See* ORS 36.405(1)(a) (requiring referral for civil actions "where all parties have appeared" and the only relief claimed is damages in an amount not

exceeding $50,000). The court appointed Glenn Null as the arbitrator of the case. The notice of that appointment shows that it was copied to Jonel Ricker (plaintiff's counsel) and to "Ron Miller, etal [*sic*]." Later, the arbitrator sent letters to Ricker and to "Ean Miller POA," notifying them of potential hearing dates, the rates of his charges for services, and the time and place of the hearing. Those letters were sent to Ean Miller at the North 2nd Street address set out in defendants' answer to the complaint. Ricker sent his prehearing statement of proof to Ean Miller at that same address.

The arbitration hearing occurred on May 26, 2011. Defendants did not appear or participate in the hearing. The arbitrator issued a "decision and arbitration award" the next day, again mailing a copy of the decision to Ricker and to "Ean Miller POA" at the North 2nd Street address. The decision notes that evidence was received and testimony taken at the hearing, plaintiff's exhibits and prehearing statement of proof were considered, and that "the bankruptcy defense [is] ineffective for Defendant because Defendant is not under bankruptcy protection." The arbitrator also found that "Ean Miller is not an attorney licensed to practice law in the State of Oregon" and granted "Plaintiff's oral motion to dismiss Defendant's Answer" on the grounds that "Ean Miller is not authorized by Oregon law" to file a pleading on defendants' behalf. The decision concludes with an award that, "[h]aving heard the motions and testimony and fully reviewing the evidence received[,] it is the conclusion of this arbitrator that Plaintiff prevails on both claims for relief."

On June 16, 2011, plaintiff's counsel prepared and filed with the court a proposed judgment, attorney fee petition, and cost bill, serving copies of those documents on Ean Miller by mail to the North 2nd Street address. The court signed the judgment on July 14. Defendants learned of the judgment from their son shortly thereafter.

Defendants retained counsel and moved to set the judgment aside under ORCP 71 B. Defendants argued three grounds for relief: (1) mistake, inadvertence, surprise, or excusable neglect in failing to appear at the arbitration hearing; (2) misconduct by plaintiff's counsel in failing to send pleadings, notices, and correspondence to them as required

by court rules; and (3) that the judgment was void because it was taken by default without notice to defendants and because notice of the arbitration hearing had not been posted as required by ORS 36.420(1).

More specifically, defendants and Ean asserted in their declarations that (1) the notices and pleadings in the case had been sent to Ean and not to defendants individually; (2) Ean's authority to act on behalf of defendants was limited by the power of attorney to signing and filing their answer to plaintiff's complaint ("It was [our] intent to defend the remainder of this matter personally."); (3) Ean changed his residence shortly after the answer was filed, filed a forwarding address with the post office, but never received documents related to the case until notice of the entry of the judgment was mailed to him; (4) after the case was filed, defendant Ron Miller called an employee of plaintiff, and "[s]he told me she was aware the allegations against me and my wife were false and I assumed that the case would be dropped"; (5) the building supplies had been charged to Ean's account and had not been used to improve defendants' properties; and (6) Ean's debt to plaintiff for the purchased supplies had been discharged in his bankruptcy.

Plaintiff's counsel alleged in response that the materials were used to improve specific properties owned by defendants, that none of the pleadings, notices, and correspondence sent to Ean by plaintiff, the arbitrator, or the court were returned as undelivered, and that the powers of attorney were "ambiguous and vague."

After holding a hearing on the motion, the court ruled from the bench:

> "Yeah. I guess I'm—I'm really not very sympathetic to your position, [defendants' counsel], because the Millers were served. They chose not to get an attorney. They chose to rely on their son. And the matter went all the way through to arbitration. And, now, they come in and claim a problem when they could have solved the entire thing by getting an attorney in the first place and jumping through all the hoops.
>
> "To set this aside, will require the Plaintiffs to go back to square one and then file it all over again, incurring

additional expense, which they could have avoided if the Millers had properly got an attorney and filed the proper response. I guess I'm not very sympathetic to your position here.

"I'm going to deny the motion to set aside the judgment."

On appeal, defendants first argue that their failure to participate in the arbitration was inadvertent and excusably neglectful because they initially took steps to appear and defend the case *pro se*, reasonably assumed that notices, pleadings, and orders would be sent to them or to their son, and mistakenly concluded that no further actions on their part were necessary to defend the case. Plaintiff responds that defendants' inaction after filing the answer was not excusable and was the cause of the judgment against them. Defendants also contend that the judgment was obtained by fraud or misconduct of plaintiff's counsel in sending notices to Ean and not the defendants when Ean lacked capacity to act as defendants' legal representative in the case. Plaintiff counters that the documents were sent to the address listed as "Defendant's Address" in the answer. Defendants finally assert that the striking of their answer made the arbitrator's decision and resulting judgment a default judgment, which was obtained without notice to them as required by ORCP 69 A(1).

A motion under ORCP 71 B may be granted if (1) the judgment was entered by virtue of mistake, inadvertence, surprise, or excusable neglect, or any of the other reasons stated in the rule; (2) the defendant acted with reasonable diligence after learning of the judgment; and (3) the defendant possesses a meritorious defense to the action. *Saldivar*, 240 Or App at 375. There is no question here that defendants acted with reasonable diligence and possess meritorious defenses to the claims. The issue, then, is whether the court was obliged to set aside the judgment because it was entered by virtue of mistake or excusable neglect.

In reviewing an order granting or denying relief under ORCP 71 B, "[w]hether certain conduct or inaction constitutes excusable neglect [or mistake] is a question of law that we review for legal error, but we review the trial court's ultimate decision whether to grant relief for abuse of

discretion." *PGE v. Ebasco Services, Inc.*, 263 Or App 53, 58, 326 P3d 1274 (2014). We conclude that the trial court did not abuse its discretion in concluding that defendants' failure to retain legal counsel or take other steps to better monitor the progress of the litigation was inexcusable neglect under ORCP 71 B. However, we conclude that the failures by the arbitrator and plaintiff's counsel to serve defendants with documents related to the arbitration and the judgment in the manner required by law were the type of "mistake[s]" under ORCP 71 B that required the court to set the judgment aside, and that the court abused its discretion in failing to do so.

We have generally held that any ineffectiveness of legal counsel in avoiding a judgment, by itself, is not excusable neglect sufficient to require relief under the rule. For example, in *Blue Horse v. Sisters of Providence*, 113 Or App 82, 830 P2d 611 (1992), the plaintiff brought a wrongful death case against a hospital and four physicians. After taking no action in the case, the plaintiff's attorney withdrew after nine months. A hearing was set on a defendant's motion to continue the trial date and for a pretrial conference. The plaintiff was notified of the hearing and that "non-appearance will result in dismissal." A new attorney appeared at the hearing but said that she could not represent the plaintiff unless the trial was postponed for at least nine months. The trial court dismissed the case because of the plaintiff's nonappearance and failure to appear for a scheduled deposition. The plaintiff argued that her failure to appear at the hearing and deposition were "due to inadvertence and excusable neglect" because of "her need to be here [in Los Angeles] caring for [her] three minor grandchildren and [her] mistaken belief that [the second attorney's] appearance at the * * * hearing would result in a continuance." *Id.* at 85-86 (internal quotation marks omitted). We concluded that the trial court did not abuse its discretion in failing to set aside the judgment of dismissal, reasoning that, "[i]f plaintiff's failure to appear was the result of a misunderstanding or miscommunication with her 'attorney' at that time, there is no explanation of why that miscommunication should be excused under ORCP 71B." *Id.* at 86. Thus, we concluded, the "trial court did not abuse its discretion in

finding those facts insufficient to excuse [the] plaintiff's failure to appear and in denying the motion to set aside under ORCP 71B." *Id.*

Similarly, in this case, the ineffectiveness of the *pro se* defendants' appearance through Ean did not compel relief under ORCP 71 B. The trial court here did not abuse its discretion in denying relief on that basis under the rule. It explicitly found that defendants could have better defended the case by hiring an attorney to appear on their behalf or by personally monitoring the progress of the case.

Furthermore, the court implicitly found that defendants could have avoided the judgment had they effectively appeared in the case by filing a proper answer to the complaint under ORCP 17 A. That rule requires that

"[e]very pleading, motion, and other document of a party represented by an attorney shall be signed by at least one attorney of record who is an active member of the Oregon State Bar. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the address of the party."

Defendants' answer was defective under ORCP 17 A in two regards. The answer was not signed by defendants, and it did not state the address of the defendants in Burlington, Wisconsin, where they reside and were served with the summons and the complaint. Instead, the answer set out Ean's address. *See Marguerite E. Wright Trust v. Dept. of Rev.*, 297 Or 533, 685 P2d 418 (1984) (complaint in tax court signed by nonlawyer trustee for a trust entity properly dismissed under ORCP 17 A because it was not signed by an attorney or a party); *Havi Group LP v. Fyock*, 204 Or App 558, 131 P3d 793 (2006) (filing of request for hearing by nonattorney acting under power of attorney for the claimant held to be valid under a statute that authorizes the request to be "made by any writing, signed by or on behalf of the party," in contrast with ORCP 17 A, which requires that a filing "must be signed by a party or by the party's legal counsel"); ORCP 17 B ("If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.").

Defendants' neglect in causing a defective answer to be filed results from their lack of legal acumen and choice to proceed *pro se,* notwithstanding the risk of error given their lack of expertise. Because defendants embraced that risk by choosing to proceed *pro se,* the resulting error does not constitute excusable neglect as a matter of law. "A defendant appearing *pro se* must inform himself of and comply with court rules as any other litigant." *State v. Palmer,* 35 Or App 125, 128, 580 P2d 592 (1978); *cf. Bennett v. Board of Optometry,* 125 Or App 66, 71, 865 P2d 362 (1993), *rev den,* 318 Or 582 (1994) ("[A]n agency is not compelled to excuse a *pro se* litigant from procedural requirements."). Similarly, defendants' inactions—their failure to attend to the case and adequately monitor its progress—were not excusable neglect in the circumstances of this case. Thus, the trial court did not abuse its discretion in declining to grant relief on that basis.

Nonetheless, defendants' lack of success in establishing their defenses to plaintiff's claims resulted from their failure to participate in the arbitration, object to the judgment when plaintiff presented it to the court, and seek a *de novo* trial under ORS 36.425(2)(a).[3] Defendants failed to participate or object because plaintiff's counsel and the arbitrator did not serve them with filings related to the arbitration and the judgment as required by ORCP 9 B. ORCP 9 A requires service on each of the parties of "every order; every pleading subsequent to the original complaint; every written motion other than one which may be heard ex parte; and every written request, notice, appearance, demand, offer of judgment, designation of record on appeal, and similar document." ORCP 9 B specifies the manner of service:

> "Whenever under these rules service is required or permitted to be made upon a party, and that party is represented by an attorney, the service shall be made upon the attorney unless otherwise ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy

---

[3] In a court-mandated arbitration process, ORS 36.400 to 36.425, once a decision and award is filed with the court and served on the parties, the party against whom relief is granted may file a written notice of appeal and a "request for a trial de novo of the action in the court on all issues of law and fact." ORS 36.425(2)(a).

to such attorney or party, by mailing it to such attorney's or party's last known address or, if the party is represented by an attorney, by telephonic facsimile communication device or e-mail as provided in sections F or G of this rule."

Defendants in this case were not "represented by an attorney" until after the judgment was entered. *See* ORCP 17 A (when a "party [is] represented by an attorney," pleadings or filed documents "shall be signed by at least one attorney of record who is an active member of the Oregon State Bar"). Under ORCP 9 B, until defendants were represented by an attorney, the orders of the court and arbitrator and filings by plaintiff's counsel were required to be served on defendants by mail at their "last known address."

But defendants' "last known address" was not Ean's address, despite what was listed in the answer. Plaintiff served its summons and complaint on defendant Linda Miller by personal service at her residence on McHenry Street, in Burlington, Wisconsin, on August 3, 2010. The answer was filed by Ean on August 30 and contained the inaccurate listing of "Defendant's Address." But defendant Ron Miller was served by substituted service on defendant Linda Miller in November 2010 at the Wisconsin address. Plaintiff's counsel filed a notice of substituted service with the court, asserting that the Wisconsin address was defendant Ron Miller's "usual place of abode." Thus, by the end of 2010—after the filing of the answer—defendants' "last known address," as reflected in the court's file, was at their Wisconsin residence. As noted, the referral of the case to arbitration occurred later, on March 2, 2011.

None of plaintiff's 2011 filings in connection with the litigation were mailed to defendants at their last known address. Instead, those documents were mailed to Ean at his address. The documents that were not properly served include plaintiff's prehearing statement of proof, proposed judgment, attorney fee petition, and cost bill.

Nor were the orders relating to the arbitration properly served on defendants. The arbitrator's letters to the parties announcing his appointment, soliciting hearing dates, and setting the time and place of the hearing were sent to Ean at the La Grande address. ORS 36.425(1) requires an

arbitrator to file "proof of service of a copy of the decision and award upon each party." Under ORCP 9 B, service of the decision and award by mail must be made to defendants' last known address. As with plaintiff's filings, the arbitrator's decision and award were not mailed to defendants' last known address as shown in the court's files. That failure of service inhibited defendants' exercise of their rights to seek a *de novo* trial of the action under ORS 36.425(2)(a) in order to present their defenses to the claims. Thus, as a matter of law, and notwithstanding defendants' otherwise inexcusable neglect, the judgment in question resulted from mistakes made by the arbitrator and plaintiff's counsel in failing to serve defendants with significant orders and filings as required by law. *See Trucke v. Baughman*, 210 Or App 448, 150 P3d 1080 (2007) (error to not set aside judgment against mother in custody proceedings on the grounds of "mistake, inadvertence, surprise, or excusable neglect" under ORCP 71 B when the court mistakenly failed to notify mother of the time and place of a hearing).

Furthermore, the allowance of relief under the circumstances here would not do "violence to the regular disposition of litigation." *National Mortgage Co.*, 173 Or App at 24; *see also Benson v. Harrell*, 241 Or App 362, 369, 251 P3d 203, *rev den*, 350 Or 571 (2011) (stating that test for evaluating whether to set aside judgment because of mistake). The litigation here was conducted inconsistently with rules that provide for notice and opportunity to participate in the litigation. Setting aside the judgment in this case would correct that irregularity. Under the circumstances, the trial court abused its discretion when it denied that remedy.

Reversed and remanded.