Submitted November 5, 2021, affirmed January 26, 2022

Karin SIX,
Personal Representative of the Estate of
Shirley A. Moore-Carsten, Deceased,
*Plaintiff-Appellant,*

*v.*

Theresa BILYEU,
Dan Bilyeu, Russell Raines,
Jason Carsten, Justin Carsten,
Kristen Larson, all individuals,
*Defendants-Respondents,*

*and*

DOES 1-25,
*Defendants.*

Deschutes County Circuit Court
19CV01783; A174347

505 P3d 1071

Raymond D. Crutchley, Judge.

Karin Six filed the brief for appellant *pro se.*

Nathan G. Steele filed the brief for respondent, Kristen Larson. Also on the brief was The Steele Law Firm, P.C.

No appearance for respondents, Theresa Bilyeu, Dan Bilyeu, Russell Raines, Jason Carsten, and Justin Carsten.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Plaintiff appeals a general judgment dismissing her amended complaint with prejudice; the trial court denied her motion for leave to file a second amended complaint. Plaintiff alleged claims for elder abuse, as well as tort claims. On appeal, plaintiff challenges the dismissal of her elder abuse claims and also the denial of leave to amend. We affirm for the reasons that follow.

A detailed recitation of the facts would not benefit the bench, bar, or public. In short, plaintiff's mother, Shirley, passed away in 2017 and was predeceased by her husband, Howard. Howard's estate went through probate with his daughter—Shirley's stepdaughter and plaintiff's stepsister—as his personal representative. Plaintiff is the personal representative for Shirley's estate. After an unsuccessful challenge to the probate proceedings of Howard's estate, plaintiff brought this case *pro se* to reallege improprieties regarding those proceedings and to allege that her stepsister and several other parties involved in the management and distribution of both estates committed elder abuse of her mother.

In the course of the proceedings below, plaintiff submitted several versions of her complaint to the trial court and defendants responded with a variety of motions. Several trial court orders resulted. Relevant to the matter on appeal, the first of two orders on all pending motions identified plaintiff's first amended complaint, as filed in February 2019, as the operative complaint. In its second order on all pending motions, issued in February 2020, the court ordered plaintiff to "submit a Motion for Leave to File a Second Amended Complaint \* \* \*. The proposed Second Amended Complaint must be attached to the Motion for Leave[.]" In that order, the court warned that "[t]o the extent that Plaintiff's proposed Second Amended Complaint fails to state cognizable claims for relief, the claims not properly stated will be subject to being dismissed with prejudice." A minute order, issued a few days before the February order, documented that the trial court "went over last amended complaint with Plaintiff, struck some parts, and noted where claims needed to be made 'more definite and certain.'" The court advised

plaintiff that she "must provide copy of motion and proposed 2nd amended complaint to [opposing counsel] ***. Once conferral is done and counsel agree that it complies with the required ORCPs and UTCRs (or Plaintiff believes that it does)," plaintiff was advised that she may file the motion.

After exchanging drafts with opposing counsel, but before they agreed that the documents "complie[d] with the required ORCPs and UTCRs," plaintiff filed her motion for leave with a proposed second amended complaint attached. Defendants filed timely motions in opposition. The court subsequently issued an order denying plaintiff's motion for leave and dismissing her claims "[p]ursuant to the February 18, 2020-Order[.]" The court responded to each of the 10 claims listed in plaintiff's proposed second amended complaint, explaining how each claim failed. Ultimately, the trial court determined that the proposed second amended complaint did not state any cognizable claim for relief and consequently denied plaintiff's motion for leave to file the amended complaint and dismissed with prejudice the claims alleged in the first amended complaint in accordance with its earlier order. Plaintiff appeals.

On appeal, plaintiff asserts a single assignment of error: "The Trial Court Erred When it Denied Petitioner's Claims for Elder Abuse." Defendants, save one, have not appeared on appeal. The one defendant who has appeared asserts that plaintiff has not properly challenged the trial court's ruling and, in all events, that the trial court properly dismissed the complaint.

We understand plaintiff to contend on appeal that the court erred when it rejected the proposed second amended complaint and, correspondingly, dismissed the case with prejudice, as the court had warned it would do in its prior letter. To the extent plaintiff challenges the trial court's handling of her elder abuse claim or claims, we conclude that the assignment of error is properly presented, contrary to the appearing defendant's argument.

Although properly presented, the assignment of error does not provide grounds for reversal. The proposed second amended complaint alleged a single claim for elder abuse, combining within that claim a claim for financial

abuse under ORS 124.110, and a separate claim for physical abuse under ORS 124.105. The trial court found that that did not constitute a cognizable claim, dismissed the claim insofar as it was presented in the first amended complaint, and denied leave to file the proposed second amended complaint on two alternative grounds: failure to comply with ORCP 16 C and failure to state ultimate facts sufficient to state a claim, as required under ORCP 21 A(8). We affirm the dismissal on ORCP 16 C grounds. That rule requires that a pleading consist of "plain and concise statements in paragraphs consecutively numbered" and for "[e]ach separate claim *** [to] be separately stated." On appeal, plaintiff has not meaningfully addressed why the trial court erred in concluding that her proposed second amended complaint did not comply with that rule, in view of how the allegations of financial elder abuse were intermingled with the allegations of physical elder abuse. As a result, her arguments on appeal supply us with no basis to disturb the trial court's ruling that the claim was not pleaded in a way that satisfied ORCP 16 C.[1]

To the extent that plaintiff assigns error to the dismissal of her other claims, or to the denial of her motion for leave to file the second amended complaint, those assignments have not been properly presented in compliance with the Oregon Rules of Appellate Procedure and have not been adequately developed for our review. ORAP 5.45 requires that plaintiff's briefing "identify precisely the *** ruling that is being challenged," that it set out plaintiff's assignments of error under separate numbered headings, and that it set out the correct standard of review for each assignment of error. Plaintiff's brief, as noted, asserts a single assignment of error, challenging the dismissal of the elder abuse claims; there are no assignments of error challenging the dismissal of the other claims. That framing of the appeal means that the trial court's dismissal of the balance of plaintiff's claims is not properly before us. *See State v. Link*, 367

---

[1] A failure to comply with pleading requirements like those in ORCP 16 C is not a matter of academic formalism in a case like this one; the structure of plaintiff's elder abuse claim would make it difficult for the named defendants to discern precisely how, as individuals, they were alleged to have violated ORS 124.105 and ORS 124.110.

Or 625, 637-42, 482 P3d 28 (2021) (discussing "bedrock principle of appellate jurisprudence that courts generally should decide cases as framed by the parties' properly raised and preserved arguments"); *see also State v. Palmer*, 35 Or App 125, 128, 580 P2d 592 (1978) ("A defendant appearing *pro se* must inform himself of and comply with court rules as any other litigant.").

Affirmed.