776 April 16, 2025 No. 344

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LVNV FUNDING LLC,
*Plaintiff-Respondent,*

*v.*

Rene PEARSALL,
*Defendant-Appellant.*

Benton County Circuit Court
22CV39886; A182662

Matthew J. Donohue, Judge.

Argued and submitted November 8, 2024.

Rene Pearsall argued the cause and filed the briefs *pro se*.

William A. Mark argued the cause for respondent. On the brief was Jonathan D. Anderson.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant, appearing *pro se*, appeals a general judgment and money award in plaintiff's favor. Plaintiff, a debt collector, filed a breach of contract claim against defendant to recover $2,544.90 in unpaid credit card charges. The trial court granted plaintiff's motion for summary judgment because defendant admitted to the debt by failing to respond to plaintiff's request for admissions. Defendant appeals that grant of summary judgment. We affirm.

We review a grant of summary judgment for errors of law and will affirm if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021); ORCP 47 C. When a party serves a request for admissions, the other party must respond within 30 days or else the matter is deemed admitted. ORCP 45 B. The request for admissions must be preceded by the following warning, "FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE TIME ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE FOLLOWING REQUESTS." ORCP 45 A.

Here, plaintiff served defendant by mail a request for admissions on March 7, 2023. The trial court concluded that there was no response on record and, therefore, that defendant admitted to the admissions by failing to respond. The admissions met all of the elements of plaintiff's breach of contract claim, meaning that there was no issue of material fact in dispute. *See Huskey v. Dept. of Corrections*, 373 Or 270, 275, 564 P3d 142 (2025) (outlining the elements of breach of contract). The trial court granted summary judgment on that basis.

We agree with the trial court that the record does not contain a response from defendant to plaintiff's request for admissions. ORCP 45 B dictates that the matters are therefore admitted. The admissions mean that there is no genuine issue of material fact on plaintiff's breach of contract claim and that plaintiff is entitled to a judgment as a

matter of law. Thus, the trial court did not err in granting plaintiff's motion for summary judgment.

We emphasize that the issue before us is a narrow one, and although defendant raises other issues in his opening brief, those are not properly before us. We understand that representing oneself in a civil litigation is extremely difficult, however, we must apply the law equally to all parties. *See State v. Palmer*, 35 Or App 125, 128, 580 P2d 592 (1978) ("A defendant appearing *pro se* must inform himself of and comply with court rules as any other litigant.").

Affirmed.