No. 8            January 29, 2026            813

IN THE SUPREME COURT OF THE
STATE OF OREGON

In the Matter of T. A. G., II,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Respondent on Review,*
*and*
K. C.
and Cowlitz Indian Tribe,
*Respondents on Review,*
*v.*
T. G.,
aka T. J. G.,
*Petitioner on Review.*

(CC 19JU05952) (CA A186627 (Control), A186628)
(SC S072305)

On petition for review filed October 7, 2025;* considered and under advisement on January 6, 2026.

Tiffany Keast, Deputy Public Defender, Oregon Public Defense Commission, Salem, filed the petition for petitioner on review. Also on the petition was Shannon Storey, Chief Defender, Juvenile Appellate Section.

No appearance *contra*.

Before Flynn, Chief Justice, and Duncan, Garrett, DeHoog, James, and Masih, Justices.**

PER CURIAM

The petition for review is denied.

DeHoog, J., concurred and filed an opinion.

_____

　　* Appeal from Multnomah County Circuit Court, Linda Hughes, Judge. 342 Or App 548, 577 P3d 893 (2025).

　　** Bushong, J., did not participate in the consideration or decision of this case.

**PER CURIAM**

The petition for review is denied.

**DeHOOG, J.,** concurring.

I concur in the court's denial of father's petition for review of the Court of Appeals' decision in this case. Further, in addition to other aspects of that decision, I agree with the Court of Appeals' rationale that ORS 419B.656 (juvenile court acceptance of tribal customary adoption) does not authorize a juvenile court to relitigate a tribe's internal determination that tribal customary adoption is in the best interests of an Indian child or its determination of the parameters of such an adoption. *See Dept. of Human Services v. T. G.*, 342 Or App 548, 561-62, 577 P3d 893 (2025) (juvenile court may not "decide for itself whether and to what extent the tribal customary adoption should modify a parent's parental rights"); *see also* ORS 419B.656(3)(b) (requiring that the juvenile court "afford full faith and credit to a tribal customary adoption order or judgment *that is accepted under this subsection*" (emphasis added)).

I write solely to highlight one issue that the Court of Appeals declined to consider due to father's belated and summary raising of the issue: whether, and to what extent, the juvenile court must consider whether a tribe's internal tribal customary adoption process complied with a parent's federal due process rights *before* the court accepts and affords full faith and credit to the tribe's decision. As the text emphasized above indicates, although the juvenile court is required to afford a tribal customary adoption "full faith and credit," ORS 419B.656(3)(b), its obligation to do so arises under that statutory provision only upon its acceptance of a tribal customary adoption—the statute does not purport to compel the juvenile court to accept a tribal customary adoption in the first instance as a matter of full faith and credit or anything else. Thus, the nature of the juvenile court's inquiry into the process afforded a parent by a tribe, and particularly whether the court must satisfy itself that the tribe's process complied with the parent's federal due process rights before accepting a tribal customary adoption,

is an open question that, in my view, this court may wish to consider in another case.

I respectfully concur in the denial of the petition for review.