358 February 19, 2026 No. 128

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. A. G. II,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

COWLITZ INDIAN TRIBE
and K. C.,
*Respondents,*

*v.*

T. G.,
aka T. J. G.,
*Appellant.*

Multnomah County Circuit Court
19JU05952; A187564

Patricia L. McGuire, Judge.

Submitted January 22, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Deputy Attorney General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Justin Derhammer filed the brief for respondent Cowlitz Indian Tribe.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for respondent K. C.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this juvenile dependency case, father appeals from the juvenile court's order denying his motions to vacate an order accepting the Cowlitz Indian Tribe's order of tribal customary adoption of his five-year-old child T, who is an enrolled member of the Cowlitz Indian Tribe, and judgment of tribal customary adoption.[1] In a combined argument supporting three assignments of error, father challenges the juvenile court's ruling that it lacked authority to vacate the order and judgment of tribal customary adoption and denial of his motions to vacate. We affirm.

Father argues that the juvenile court had inherent authority to vacate the juvenile court order accepting the tribe's order of tribal customary adoption and juvenile court judgment of tribal customary adoption. "[T]rial courts have inherent authority to vacate or amend their judgments." *Far West Landscaping v. Modern Merchandising*, 287 Or 653, 658, 601 P2d 1237 (1979). However, that inherent authority is not boundless and is typically limited to "extraordinary circumstances such as fraud." *Blue Horse v. Sisters of Providence*, 113 Or App 82, 86, 830 P2d 611, *rev den*, 314 Or 727 (1992).

The challenge with father's argument on appeal is that he did not raise it before the juvenile court, although he had sufficient opportunity to do so in response to the other parties' arguments, and it is, therefore, not preserved for appellate review. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."). Father's failure to raise his inherent authority argument below is particularly problematic given the procedural posture of this case, where below father raised his motion to vacate the juvenile court's order and judgment on rehearing of a referee order terminating the court's jurisdiction and wardship of T, as provided for in ORS 419B.656(4)(f).[2]

---

[1] Father appealed that order and judgment, and we affirmed. *Dept. of Human Services v. T. G.*, 342 Or App 548, 577 P3d 893 (2025), *rev den*, 374 Or 813 (2026).

[2] ORS 419B.656(4)(f) provides that, "[u]pon the court's entry of a judgment of [tribal customary] adoption under this section, the court's jurisdiction over the Indian child terminates as provided in ORS 419B.328(2)(d)."

*See* ORS 419A.150 (providing for referees to hear juvenile dependency and delinquency cases and for review by a trial court judge of orders entered by a referee). Father essentially sought to expand the issues before the juvenile court at the rehearing and collaterally attack the tribal customary adoption order and judgment. Whether such an attack was permissible at that stage, the result of father's failure to raise his argument regarding inherent authority before the juvenile court is that no record was developed that would have permitted the court to evaluate whether "extraordinary circumstances such as fraud" existed and to avoid any error now claimed on appeal. *See Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (explaining that the policy reasons underlying the rule of preservation include development of a full record to facilitate review and promotion of judicial efficiency); ORS 419B.923(1), (8) (setting out grounds for modifying or vacating a juvenile court judgment and providing that the statute "does not limit the inherent power of a court to modify an order or judgment within a reasonable time or the power of a court to set aside an order or judgment for fraud upon the court").

Affirmed.